■ In the Matter of JONATHAN M. KASTOFF, Respondent, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Appellants. [600 NYS2d 349] —Crew III, J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered April 6, 1992 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent State Department of Social Services denying petitioner's request for approval of outside employment.

On or about April 9, 1991 petitioner, a Hearing Officer employed by respondent State Department of Social Services (hereinafter DSS), submitted a request seeking approval for his employment as acting Village Justice for the Village of Valley Stream, Nassau County. According to petitioner, he would serve as acting Village Justice one evening per week and only in those instances where the elected Village Justice was unavailable or recused himself. On July 11, 1991 DSS denied petitioner's request, concluding that "it would be inappropriate" for petitioner to serve in the proposed position. As DSS did not elaborate regarding the basis for the denial, petitioner requested that DSS provide a written explanation for its determination. Receiving no response, petitioner commenced this CPLR article 78 proceeding seeking to annul the determination.[1] Respondents answered, and Supreme Court thereafter granted petitioner the requested relief and directed

---

1. It appears that on November 5, 1991 David Kellogg, Deputy Counsel for DSS' Division of Legal Affairs, authored a memorandum to petitioner explaining why DSS denied his request for outside employment. Petitioner contends that he first learned of this memorandum when respondents answered and included this document as an exhibit, and it appears from the record that a DSS employee did not arrange for delivery of the memorandum to petitioner until November 7, 1991, the same day this proceeding was commenced.

that respondents rescind the July 11, 1991 denial of petitioner's application and approve petitioner's request for outside employment.[2] This appeal by respondents followed.

There must be an affirmance. Petitioner's conduct in this matter is governed by Public Officers Law § 74 and the relevant DSS guidelines. Petitioner is required by law to, *inter alia,* avoid activities which are "in substantial conflict with the proper discharge of his duties in the public interest" (Public Officers Law § 74 [2]) and refrain from accepting other employment "which [would] impair his independence of judgment in the exercise of his official duties" or "require him to disclose confidential information which he has gained by reason of his official position or authority" (Public Officers Law § 74 [3] [a], [b]). Additionally, in accordance with the DSS guidelines then in effect, petitioner must refrain from accepting outside employment that would, *inter alia,* "create or appear to create a conflict of interest with [the] policies and programs of [DSS]" or diminish petitioner's effectiveness in the performance of his assigned duties.

Based upon our review of the record as a whole, we can perceive of no rational basis upon which to deny petitioner's request to serve as an acting Village Justice *(see generally, Matter of Catskill Ctr. for Conservation & Dev. v Jorling,* 164 AD2d 163, 167, *appeal dismissed* 78 NY2d 919). The record before us fails to establish that petitioner's proposed employment would be in substantial conflict with his assigned duties as a DSS Hearing Officer. Given the types of matters adjudicated in the respective forums, it is unlikely that petitioner will be called upon in one forum to preside over a matter involving a party that has previously appeared before him in the other forum and, in any event, the record indicates that petitioner has the option of recusing himself from any matter where such a conflict may occur. Nor does the record support respondents' conclusory assertion that by serving as both a DSS Hearing Officer and an acting Village Justice, petitioner will somehow "raise suspicion among the public that he is likely to be engaged in acts that are in violation of his trust" (Public Officers Law § 74 [3] [h]). We are similarly unpersuaded that petitioner's proposed employment appears to create a conflict of interest with DSS policies and programs.

---

2. Supreme Court did not render a written decision in this matter, and we are therefore deprived of the benefit of the rationale underlying its determination *(see, Marine Midland Bank v Cafferty,* 174 AD2d 932, 932-933).

Respondents' remaining arguments have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure and Mahoney, JJ., concur. Ordered that the judgment is affirmed, without costs.