(October 14, 1994)

■ In the Matter of STEVEN J. HANCOX, Appellant, v JOSEPH M. BRESS, as Chair of the New York State Ethics Commission, Respondent. [617 NYS2d 398] —Crew III, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered August 22, 1994 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's outside activity request as violative of Public Officers Law § 74.

Petitioner is employed by the Office of the State Comptroller (hereinafter OSC) in the title of Principal State Accounts

Auditor and is assigned to the Division of Management Audit and Financial Reporting. OSC has designated petitioner's title as a policy-making position. In this capacity, petitioner is responsible for, *inter alia,* supervising teams of auditors performing audits of State agencies and special funds.

In November 1993, petitioner submitted an outside activity request to OSC's Ethics Committee seeking permission to serve as a member of the Albany City School District Board of Education. This request was approved subject to certain conditions not at issue on appeal. Petitioner thereafter submitted the request to the State Ethics Commission (hereinafter SEC) for approval. The SEC denied petitioner's request, finding that because petitioner occupied a policy-making position with OSC, the public reasonably could perceive that the school district would receive preferential treatment in any audit conducted by OSC and that petitioner, in turn, would be able to provide assistance to the school district in preparing for any such audit. Petitioner thereafter commenced this CPLR article 78 proceeding challenging the SEC's determination. Supreme Court upheld the determination and dismissed the petition, and this appeal by petitioner followed.

Based upon our review of the record and the relevant statutory provisions, we are persuaded that the SEC's determination lacks a rational basis and, as such, cannot stand. In denying petitioner's outside activity request, the SEC relied upon two provisions in the Public Officers Law. The first provision, Public Officers Law § 74 (3) (f), provides, in relevant part, that "[a]n officer or employee of a state agency * * * should not by his conduct give reasonable basis for the impression that any person can improperly influence him or unduly enjoy his favor in the performance of his official duties". The second provision, Public Officers Law § 74 (3) (h), provides, *inter alia,* that "[a]n officer or employee of a state agency * * * should endeavor to pursue a course of conduct which will not raise suspicion among the public that he is likely to be engaged in acts that are in violation of his trust". In our view, the record simply does not support the SEC's conclusion that petitioner's service on the Board of Education would run afoul of either of these provisions.

It is uncontroverted that the division of OSC to which petitioner is assigned, the Division of Management Audit and Financial Reporting, is separate and distinct from the Division of Municipal Affairs, which is the division of OSC responsible for auditing school districts within the State, and there is nothing in petitioner's job description which suggests that

these two divisions overlap or that petitioner has any professional contact with employees of the Division of Municipal Affairs. Additionally, the record indicates that petitioner has had no involvement with audits of the State Education Department or any local school district in the past. Petitioner's supervisor has confirmed that petitioner, if elected to the Board of Education, would not be assigned to any such audit in the future and, further, that petitioner is not in any way responsible for developing audit plans for audits relating to local school districts.

As to respondent's assertion that petitioner's status as a policy maker would place him in a position where he could influence other OSC employees and that the public, in turn, reasonably could conclude that petitioner might use such influence to, *inter alia,* secure preferential treatment for the school district, we note that petitioner is but one of the approximately 2,100 people employed by OSC and only one of its 295 designated policy makers. Under these circumstances, and considering the record before us, we are unable to perceive how petitioner's status as a policy maker creates the appearance of a conflict of interest and note that respondent has failed to offer any proof to substantiate his conclusory and speculative claims in this regard *(see, Matter of Kastoff v New York State Dept. of Social Servs.,* 195 AD2d 808, 809). Accordingly, notwithstanding the usual deference accorded an administrative determination of this nature *(see generally, Matter of John v New York State Ethics Commn.,* 178 AD2d 51, 55, *lv denied* 80 NY2d 753), we conclude that the SEC's determination lacks a rational basis and, as such, must be set aside. In light of this conclusion, we need not address the remaining arguments advanced by petitioner.

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the judgment is reversed, on the law without costs, determination annulled and petition granted.