Vincent Toomey, Esq. Informal Opinion Counsel No. 2000-20 Village of Southampton 3000 Marcus Avenue Lake Success, N Y 11042
Dear Mr. Toomey:
You have asked whether a person may serve simultaneously as Volunteer Fire Chief and Fire Marshal.
In the absence of a constitutional or statutory prohibition against dual office holding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of offices isPeople ex rel. Ryan v. Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss," a status readily identifiable. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that the principle equally covers an office and a position of employment or two positions of employment. See Dupras v. County of Clinton, 213 A.D.2d 952,953 (3d Dep't 1995). Also, where positions are compatible, a conflict of interest nevertheless may arise out of the simultaneous holding of the positions. The conflict may be avoided by declining to participate in the disposition of the particular matter. See Matter of Kastoff v. N.Y. StateDep't of Soc. Svcs., 195 A.D.2d 808, 809 (3d Dep't 1993).
You have informed us that in the Village of Southampton the Fire Marshal performs the duties of the Fire Inspector. Under section 59-9 of the Southampton Code, the Fire Inspector investigates "the cause, origin and circumstances of every fire occurring in the village which is of suspicious nature or which involves a loss of life."
You have also informed us that the Fire Chief in the Village of Southampton has the primary duty of overseeing the extinguishing of fires. He is not the direct supervisor of the Fire Marshal. Instead, the Fire Marshal receives assignments from an administrative superior. In a subsequent letter, you informed us that section 59-9 of the Village Code gives the Fire Marshal responsibility to investigate "whether the Fire Department and Fire Chief responded and handled the fire in an appropriate manner." October 31, 2000 supplemental letter.
This office has previously opined that one could simultaneously serve as chief engineer of a fire department of a fire district, and as town fire inspector. See Op Atty Gen (Inf) No. 86-28. We reasoned that although the fire inspector's duties included the inspection of structures in the process of construction or repair for compliance with fire safety requirements, and the investigation of actual fires and fire hazards, the inspector's duties did not include review or investigation of fire department activities.
This office has also previously opined that one could simultaneously serve as a full-time paid firefighter employed by a fire district in the town, and as part-time assistant town fire inspector. See Op Atty Gen (Inf) No. 90-6. We reasoned that the fire inspector's duties included enforcing regulations relating to: the construction and maintenance of buildings, the storage of materials, the undertaking of activities posing a risk of fire, activities posing a risk of fire, and public safety and access in the event of a fire. These duties did not include reviewing or investigating the activities of a fire department of a fire district. Therefore, the duties of the paid firefighter and the assistant town fire inspector were independent of one another, and compatible.
The above opinions were based on the specific duties of the fire inspector in each municipality. The duties of the fire inspector did not involve review of the duties of the other position held by the inspector. By contrast, in the Village of Southampton the Fire Marshal's responsibilities can include review of the duties of the Fire Chief. "Incompatibility has been said to exist when there is a built-in right of the holder of one position to interfere with that of the other, as when one is subordinate to, or subject to audit or review by, the second. Obviously, in such circumstances, were both posts held by the same person, the design that one act as a check on the other would be frustrated." O'Malley v. Macejka, 44 N.Y.2d 530, 535 (1978) (emphasis supplied; citations omitted). Accord Dupras, 213 A.D.2d at 953. Thus, positions are incompatible where the holder of one position is empowered to review decisions made by the holder of the other position. See Op Atty Gen (Inf) No. 98-44 (fire inspector may be reluctant to attribute fire to a violation of the fire and building code, where in his separate position as building inspector he issued a permit allowing occupancy of the building; hence positions are incompatible). Here, there is an inherent inconsistency between the positions of Fire Marshal and Fire Chief, because the Fire Marshal may investigate or review actions taken by the Fire Chief.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
David Lawrence III, Assistant Solicitor General
cc: Department of Motor Vehicles Office of Legal Affairs