■ In the Matter of CRAIG E. SPEERS, Respondent, v NEW YORK STATE ETHICS COMMISSION, Appellant, et al., Respondent. [619 NYS2d 201] —Crew III, J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered August 6, 1993 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul determinations of respondents that petitioner's service as a member of the City of Buffalo Water Board violates Public Officers Law § 74.

Petitioner is employed as a Senior Examiner of Municipal Affairs by the Office of State Comptroller (hereinafter OSC) in the City of Buffalo, Erie County. In this regard, petitioner performs on-site field examinations of the accounts and fiscal affairs of small units of local government, such as towns and special districts, to determine compliance with various State and local laws and assists in such examinations of larger local government units, such as cities and counties. Petitioner's title is not designated as a policy-making position by OSC.

Following petitioner's appointment to the City of Buffalo Water Board, OSC sought an advisory opinion from respondent New York State Ethics Commission (hereinafter SEC) regarding whether petitioner's service on the Water Board violated Public Officers Law § 74. The SEC thereafter issued Advisory Opinion 92-19, wherein it concluded that petitioner's service on the Water Board created the appearance of a conflict of interest under Public Officers Law § 74. OSC then demanded petitioner's resignation from the Water Board, in response to which petitioner offered to recuse himself and refrain from commenting publicly on any matter involving a dispute between the Water Board and OSC. Petitioner's offer was rejected and he resigned from the Water Board under protest.

Petitioner thereafter commenced this CPLR article 78 pro-

ceeding seeking, *inter alia,* to annul the SEC's determination. Supreme Court granted the petition, finding that both Advisory Opinion 92-19 and OSC's determination requiring petitioner to resign were arbitrary, capricious and irrational. This appeal by the SEC ensued.

There must be a reversal. In determining that petitioner's service on the Water Board gave rise to the appearance of a conflict of interest, the SEC considered and relied upon various provisions of the Public Officers Law, including Public Officers Law § 74 (3) (f) which provides, in relevant part, that "[a]n officer or employee of a state agency * * * should not by his conduct give reasonable basis for the impression that any person can improperly influence him or unduly enjoy his favor in the performance of his official duties". Based upon our review of the record as a whole, we are of the view that the SEC's determination is rational and, as such, Supreme Court erred in granting the petition.

To fully appreciate the basis for the SEC's determination, it is necessary to understand the relationship between the various municipal entities at issue here. Petitioner was appointed to serve as a member of the Water Board, which is charged with, *inter alia,* operating the water system for the City of Buffalo *(see,* Public Authorities Law § 1048-g). The responsibility for financing the City's water projects lies with the Buffalo Municipal Water Finance Authority (hereinafter the Authority) *(see,* Public Authorities Law §§ 1048-c, 1048-d), and the Water Board is authorized to enter into contracts with the Authority and the City of Buffalo to finance the cost of constructing water projects *(see,* Public Authorities Law § 1048-g [6]). The parties are in agreement that although OSC has no statutory authority to audit the Water Board, both the Authority and the City of Buffalo are subject to OSC's supervision and examination of their fiscal affairs. In this regard, it appears that although the Authority has not yet been audited by OSC's regional office, that office does audit the City of Buffalo on a regular basis.

In view of the relationship existing between the Water Board, the Authority, the City of Buffalo and OSC's regional office, there can be no question that the SEC's determination is rational. Contrary to petitioner's assertion, the facts of this case support the SEC's finding that petitioner's service on the Water Board would create the appearance of a conflict of interest in violation of Public Officers Law § 74 (3) (f). Unlike the petitioner in our recent decision in *Matter of Hancox v Bress* (208 AD2d 1031), petitioner here is employed by the

very division of OSC that is responsible for auditing the City of Buffalo and the Authority. Indeed, petitioner conceded at oral argument that if such an audit came to pass, it would be conducted by his fellow employees, and it is for this very reason that petitioner's offer to recuse himself is insufficient to guard against, much less remove, the appearance of a conflict of interest. Petitioner's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determinations confirmed, and petition dismissed. *[See,* 159 Misc 2d 132.]