■ THOMAS J. REICHEL et al., Appellants, v SUFFOLK COUNTY WATER AUTHORITY, Respondent. [724 NYS2d 886] —In an action for a judgment declaring that the defendant's Policy Governing Conflict of Interest and Disclosure and related Rules of Conduct are unconstitutional and ineffective as against the plaintiffs, the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Catterson, J.), dated February 29, 2000, which denied their motion, *inter alia,* for summary judgment and granted the defendant's cross motion for summary judgment declaring that the subject Policy and related Rules of Conduct are valid and constitutional, and (2) a judgment of the same court, entered March 17, 2000, which declared that the subject Policy and related Rules of Conduct are valid and constitutional.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiffs, who are employees of the Suffolk County Water Authority (hereinafter the SCWA), provided private plumbing services to homeowners. These services included the installation of water service lines from private property to the water main at the edge of the street. The SCWA does not itself perform this service but does require the installation for homeowners to become connected to its water supply and distribution system. The SCWA does, however, inspect and approve of the connection before it will connect the service line to the public supply main.

After considering the conflicts which may arise as a result of its employees who maintain employment installing service lines subject to its approval, the SCWA consulted the Office of the Attorney General of the State of New York, which rendered an Informal Opinion that SCWA employees should not be so engaged, to avoid even the appearance of impropriety. The SCWA thereafter adopted a revised Policy Governing Conflict of Interest and Disclosure (hereinafter the Policy) and related Rules of Conduct prohibiting its employees from providing private plumbing services that require SCWA inspection and/or approval, relying on both the Informal Opinion and related concerns. The plaintiffs instituted this action seeking a declaration that the Policy and related Rules of Conduct are unconstitutional and ineffective as applied to them. The Supreme Court granted the cross motion of the SCWA for a declaration of constitutionality, and we affirm.

A governmental entity may implement conflict of interest policies restricting outside work by its employees so long as the policy is rationally based and reasonably related to maintaining public confidence in government (*see, Forti v New York State Ethics Commn.,* 75 NY2d 596, 612; *Matter of Speers v New York State Ethics Commn.,* 209 AD2d 919). The policy challenged by the plaintiffs may readily be justified under this test, as the appearance of a conflict of interest exists as long as SCWA employees continue to perform private services which are subject to inspection and approval by their employer. Moreover, to the extent that the plaintiffs allege a due process violation, the Supreme Court properly determined that the policy

was sufficiently narrow in scope so as not to eliminate other opportunities for the plaintiffs to continue to engage in outside work (*see, Forti v New York State Ethics Commn., supra*, at 614-615). Altman, J. P., Friedmann, Goldstein and Cozier, JJ., concur.