*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 29, 2015          518507
_____

In the Matter of CDE ELECTRIC,
   INC.,
                    Appellant,
        v                              MEMORANDUM AND ORDER

PETER M. RIVERA, as Commissioner
   of Labor, et al.,
                    Respondents.
_____

Calendar Date:  November 14, 2014

Before:  Lahtinen, J.P., McCarthy, Egan Jr. and Devine, JJ.

_____

        Couch White, LLP, Albany (Jennifer K. Harvey of counsel),
for appellant.

        Eric T. Schneiderman, Attorney General, Albany (Allyson B.
Levine of counsel), for respondents.

_____

Devine, J.

        Appeal from a judgment of the Supreme Court (Breslin, J.),
entered April 30, 2013 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of respondent Commissioner
of Labor denying petitioner's application to sponsor an
electrician apprenticeship program.

        Petitioner was initially incorporated in 2010 under the
name Capital District Electric, Inc. and later changed its name
to CDE Electric, Inc.  Petitioner is owned by its president and
vice-president, Gregory Guerin and Timothy Jones, respectively,
who were long-time employees of Phoenix Electricians Company Inc.

Petitioner's initial incorporation took place the day after Phoenix Electricians agreed in a stipulation that it would be debarred, in accordance with Labor Law § 220-b (3) (b), due to its willful underpayment of prevailing wages and supplements to its workers on 20 different public work projects. The stipulation was entered into with the Bureau of Public Work, a division of respondent Department of Labor (hereinafter DOL) that is separate from the Office of Apprenticeship Training — the DOL division involved in the actions currently challenged in this proceeding.

With respect to the latter division, Daniel Paris, a DOL Apprentice Training Representative, initially met with the owner and sole shareholder of Phoenix Electricians, Robert Phoenix, one month prior to the settlement of the public work violation proceeding. In the course of a routine audit of Phoenix Electricians' apprenticeship training program, Phoenix indicated that he had unspecified public work violations and that he would soon be retiring, but that Guerin would be forming a new company. Guerin separately informed Paris that he was a long-time employee of Phoenix Electricians, that he and a coworker were purchasing the assets of that company, and that they wished to set up an apprenticeship program. Thereafter, Paris met with Guerin, as well as Phoenix and his wife, to assist them in preparing petitioner's application for sponsorship of a new apprenticeship program. Paris asserts that neither Phoenix and his wife nor Guerin informed him that Phoenix Electricians' apprenticeship program was being deregistered — and that petitioner was formed — as a result of the debarment of Phoenix Electricians, or that the public work violations were related to Phoenix's retirement.

In 2011, petitioner filed an application to register its apprenticeship training program, in which Guerin attested that no affiliate, predecessor company or entity, director or officer of petitioner had been the subject of, within the last five years, "[a]ny pending or open investigation of a possible violation of New York or other state law or regulation including . . . investigations by the Bureau of Public Work[, or] [a]ny determination of a violation of any [s]tate law or regulation, including [a] [p]ublic [w]ork violation[, or] [a]ny stipulations involving any state . . . enforcement action." Inasmuch as the

application avoided any mention of Phoenix or Phoenix Electricians by name, Paris sought further information in writing, seeking to confirm what Guerin had previously informed him verbally – i.e., that Phoenix Electricians was "not part of [petitioner] in any way" and that "the only connection between Phoenix [Electricians] and [petitioner] is that [petitioner] bought some of [its] assets." In response, Guerin informed Paris that the only affiliation between the two companies was that petitioner purchased some of Phoenix Electricians' assets and now employed its employees.

Upon DOL's solicitation of public comments regarding petitioner's application in accordance with 12 NYCRR 601.4 (g), a commenter affiliated with an electrical workers' union stated that Phoenix Electricians had been debarred, Phoenix was employed by petitioner, and that Guerin had been both vice-president and secretary of Phoenix Electricians, as well as overseeing and signing payroll documents on several of the projects covered by the stipulation resolving the public work violations. In response, Guerin denied that he had managed the payroll, but acknowledged to Paris for the first time that he had been an officer of Phoenix Electricians and that he had signed certified payroll documents when Phoenix was unavailable. Guerin also admitted that Phoenix was now a part-time employee of petitioner.

DOL ultimately denied petitioner's application to sponsor an electrician apprenticeship program on the ground that petitioner had provided "inaccurate and/or incomplete information" in its application with respect to both its affiliation with Phoenix Electricians and Guerin's role in that company. Respondent Commissioner of Labor affirmed, prompting this proceeding, which Supreme Court dismissed. Petitioner appeals, and we affirm.

Petitioner argues that Supreme Court erred in holding that the denial of its application was rationally based upon its failure to disclose the relationship between petitioner and Phoenix Electricians – that is, the extent of the involvement of petitioner's president, Guerin, in the activities of Phoenix Electricians – and the debarment of the latter company. As petitioner acknowledges, the standard of review for this

proceeding, which challenges a determination that was not made after a quasi-judicial hearing, is whether the Commissioner's determination was arbitrary and capricious or an abuse of discretion (see CPLR 7803 [3]; Matter of Beck-Nichols v Bianco, 20 NY3d 540, 559 [2013]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]).  "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d at 231).  When a determination is supported by a rational basis, it must be sustained even if the reviewing court would have reached a different result (see Matter of Peckham v Calogero, 12 NY3d at 431).

In our view, the Commissioner's determination has both a foundation in fact and a sound basis in reason.  The governing regulation states, as relevant here, that "[a]pplications shall be rejected if information required on the Sponsor Information Sheet, or required disclosures related thereto, is found to be inaccurate or incomplete" (12 NYCRR 601.4 [c] [2]).  In its written submissions in connection with its application, petitioner provided general information that – while technically true – was misleading and incomplete insofar as the application did not identify the extent of petitioner's affiliation with Phoenix Electricians or provide any indication that petitioner's formation arose due to the public work enforcement action.  For example, Guerin submitted a letter explaining that he had "worked for an electrical contractor" for 29 years, and had formed petitioner and "begun purchasing the assets and equipment of our former employer as he will be retiring in the next few months." Guerin did not name Phoenix Electricians or Phoenix as his former employer, specify that he was the former vice- president of Phoenix Electricians or clarify that Phoenix, rather than retiring, would be employed by petitioner after Phoenix Electricians was debarred due to its willful underpayment of prevailing wages.  Even after Paris expressly requested information regarding whether petitioner had any connection with Phoenix Electricians beyond purchasing some of its assets, Guerin responded only that petitioner hired Phoenix Electricians'

employees and that "[w]e have no affiliation with Phoenix Electricians."

In addition, the sponsor information sheet submitted as part of the application required petitioner to disclose whether any "affiliate, any predecessor company or entity," director or officer of petitioner had been the subject of, within the last five years, any investigation of a possible violation of, or determination of a violation of any state law or regulation, including a public work violation, or stipulations involving any enforcement action. These questions — which Guerin answered in the negative — belie petitioner's argument that information about the debarment of its affiliates or predecessors was not requested. The sponsor information sheet specifically requested information regarding whether an affiliate or predecessor company had been investigated for any public work violation or had been the subject of a stipulation involving any state enforcement action.

Similarly, there is no merit to petitioner's assertion that the determination that it provided incomplete information must be deemed irrational because Guerin had informed Paris prior to filing an application that he was a former employee of Phoenix Electricians and a separate division of DOL entered into a stipulation with that company resolving its prevailing wage violations. Regardless of the information available to other divisions of DOL or that had been provided prior to petitioner's application, it was only after a member of the public revealed the extent of petitioner's association with Phoenix Electricians that Guerin acknowledged in connection with the application process that petitioner was formed due to the debarment of Phoenix Electricians and that Guerin was not merely an employee but an officer of that company, who had signed payroll checks. Even at that point, Guerin minimized the association between the two companies, failing to mention that he was a principal of both companies, that petitioner was formed the day after Phoenix Electricians was debarred and that petitioner would employ Phoenix. In any event, petitioner was not relieved of its obligation to provide accurate and complete information on its application by virtue of the fact that a different division of DOL had knowledge of the debarment and a single employee of the

Office of Apprenticeship Training knew that Guerin was a prior employee of Phoenix Electricians.

Nor can it be said that the Commissioner's determination was contrary to the stipulation entered into between DOL and Phoenix Electricians, as petitioner contends. The stipulation released all officers of Phoenix Electricians from financial liability for underpayment of prevailing wages; it does not, however, contain any language that would preclude DOL from considering Guerin's involvement in the activities of Phoenix Electricians for purposes of approving an application for a new apprenticeship training program. While the stipulation further indicated that DOL would not hold accountable any future newly-formed entity that employed Phoenix for prior violations or assert that the future employer was a "successor" within the meaning of Labor Law § 220 (5) (k) — provided that Phoenix did not own any shares or serve as a principal in the newly-formed entity — the denial of petitioner's application does not amount to a conclusion that petitioner is a "successor" under the prevailing wage statute. Rather, the Commissioner determined that Phoenix Electricians was a predecessor company to petitioner "for purposes of the questions on the Sponsor's Information Sheet," which is governed by the separate regulations found in 12 NYCRR part 601. Inasmuch as "courts must defer to an administrative agency's rational interpretation of its own regulations in its area of expertise" (Matter of Peckham v Calogero, 12 NY3d at 431), it cannot be said that the stipulation conflicts with the Commissioner's determination that Phoenix Electricians was a predecessor company for purposes of the apprenticeship training program.

Under these circumstances, the Commissioner did not act arbitrarily and capriciously in concluding that petitioner did not provide all information sought by DOL. As the Commissioner noted, even if the information in petitioner's application was technically accurate, it was misleading and, therefore, "incomplete" within the meaning of 12 NYCRR 601.4 (c) (2). Accordingly, Supreme Court properly dismissed the petition. Petitioner's remaining arguments have been considered and found to be lacking in merit.

Lahtinen, J.P., McCarthy and Egan Jr., JJ., concur.


ORDERED that the judgment is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court