*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 16, 2016                521890
_____

In the Matter of WESTCHESTER
    LIBRARY SYSTEM et al.,
                    Appellants,

        v
                                      OPINION AND ORDER

JOHN B. KING JR., as
    Commissioner of Education of
    the State of New York,
    et al.,
                    Respondents.
_____

Calendar Date:  April 22, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Clark and Mulvey, JJ.

                        _____


        O'Connell & Riley, Pearl River (James K. Riley of counsel),
for appellants.

        Eric T. Schneiderman, Attorney General, Albany (Frederick
A. Brodie of counsel), for respondents.

                        _____


Egan Jr., J.

        Appeal from a judgment of the Supreme Court (Weinstein,
J.), entered December 31, 2014 in Albany County, which dismissed
petitioners' application, in a proceeding pursuant to CPLR
article 78, to review a determination of respondent Commissioner
of Education reducing state aid to petitioner Westchester Library
System.

Petitioner Mount Vernon Public Library (hereinafter MVPL) is the central library for petitioner Westchester Library System (hereinafter WLS) — a public library system established by the state "to provide cooperative, cost-effective regional library services for its 38 independent member public and association libraries." MVPL primarily is funded by appropriations from local taxes raised by the City of Mount Vernon, Westchester County and, secondarily, by state aid provided in accordance with Education Law §§ 272 and 273. The state aid component is subject to the maintenance-of-effort requirement set forth in Education Law § 272 (1) (j) (2), which provides, in relevant part:

> "In the event that the total sum raised by local taxation, exclusive of the sum raised for capital expenditures, for the support of a central library of a public library system in a [12] month period, is less than [95%] of the average of the amounts raised for such purposes by local taxation for the two preceding [12] month periods, the state aid to which such library system would otherwise be entitled for the development of its central library shall be reduced by [25%]."

In other words, in order to avoid a 25% reduction in state aid, the City must maintain at least 95% of the support that it provided to MVPL — on average — from local taxation for the preceding two years. This maintenance-of-effort requirement, which is designed to ensure that state aid supplements — but does not supplant — local support for public library systems and central libraries, is a continuing one and is subject to review on an annual basis (see 8 NYCRR 11.4). In the event that the maintenance-of-effort requirement is not met, the public library system or central library may apply for a waiver under certain limited circumstances (see Education Law § 272 [1] [j] [3]).

Consistent with the foregoing statutory and regulatory provisions, MVPL provided respondent State Education Department with its annual report for 2011. A review of the report reflected that the City appropriated a total of $3,361,755 in

local funds for MVPL's support in 2011 — a sum that represented a marked departure from the $4,140,598 appropriated by the City in 2009 and the $4,218,844 appropriated in 2010. As a result, by letter dated January 22, 2013, the Department notified WLS that MVPL had failed to meet the maintenance-of-effort requirement for central libraries as set forth in Education Law § 272 (1) (j) (2), thereby triggering a 25% reduction in state aid to WLS for central library services.[1] In response, WLS applied for the two-year waiver then available under Education Law § 272 (1) (j) (former [3]) for calendar years 2011 and 2012,[2] citing an extraordinary change in the City's economic condition during fiscal years 2010 and 2011 and claiming excessive hardship. By letter dated April 9, 2014, the Department denied WLS's waiver request, noting that the documentation submitted in connection therewith did "not establish that there was an extraordinary change in the [City's] economic condition" during the years in question.

In July 2014, petitioners initiated what they denominated as an administrative appeal of the Department's denial of the waiver, claiming that the Department had misinterpreted and misapplied the maintenance-of-effort requirement embodied in Education Law § 272 (1) (j) (2).[3] Shortly thereafter, petitioners commenced this CPLR article 78 proceeding, similarly contending that the Department improperly reduced their share of state aid. Respondents answered and raised various affirmative defenses, including that the proceeding was time-barred and that

---

[1] The Department issued a similar letter in May 2014, finding that MVPL failed to meet the maintenance-of-effort requirement based upon the figures set forth in its 2012 annual report.

[2] The statute was amended in 2014 to permit respondent Commissioner of Education to grant such a waiver for a period of up to three consecutive years (see L 2014, ch 287, § 1).

[3] There appears to be some question as to the availability of an administrative appeal but, in any event, no response to petitioners' letter appears in the record.

the petition failed to state a cause of action.  Supreme Court, in a well-reasoned decision, dismissed petitioners' application. Petitioner now appeals and we affirm.

> "Where the interpretation of a statute or its application involves knowledge and understanding of underlying operational practices or entails an evaluation of factual data and inferences to be drawn therefrom, the courts regularly defer to the governmental agency charged with the responsibility for administration of the statute. . . .  Where, however, the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency and its interpretive regulations are therefore to be accorded much less weight" (Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459 [1980] [internal citations omitted]; see Matter of Lighthouse Pointe Prop. Assoc. LLC v New York State Dept. of Envtl. Conservation, 14 NY3d 161, 176 [2010]; Matter of Michael A. Goldstein No. 1 Trust v Tax Appeals Trib. of the State of N.Y., 101 AD3d 1496, 1497 [2012], lv denied 21 NY3d 860 [2013]; Matter of Lewis Family Farm, Inc. v New York State Adirondack Park Agency, 64 AD3d 1009, 1013 [2009]).

Although the parties debate whether administrative deference is warranted here, this issue need not detain us as we are satisfied that petitioners' strained interpretation of Education Law § 272 (1) (j) (2) fails regardless of the analysis employed.

As noted previously, Education Law § 272 (1) (j) (2)

provides, in relevant part:

> "In the event that the total sum raised by
> local taxation . . . for the support of a
> central library of a public library system
> in a [12] month period, is less than [95%]
> of the average of the amounts raised for
> such purposes by local taxation for the
> two preceding [12] month periods, the
> state aid to which such library system
> would otherwise be entitled for the
> development of its central library shall
> be reduced by [25%]."

Petitioners seize upon an isolated portion of the statutory language — namely, the phrase "the total sum raised by local taxation" — and contend that the quoted language refers to the total amount of general tax revenues raised, recouped and/or generated by the City during the relevant time period. As the City purportedly experienced a net property tax increase for fiscal years 2009-2010 and 2010-2011, petitioners' argument continues, it necessarily follows that there was no basis upon which to trigger the 25% reduction in state aid. Petitioners' argument, however, misses the mark as it ignores the balance of the statutory language.

The statute — on its face — expressly references "the total sum raised by local taxation . . . for the support of a central library of a public library system in a [12] month period" (Education Law § 272 [1] [j] [2] [emphasis added]). Reading the statute in its entirety, as we must (see Local Govt. Assistance Corp. v Sales Tax Asset Receivable Corp., 2 NY3d 524, 537-538 [2004]; Matter of Retired Pub. Empls. Assn., Inc. v Cuomo, 123 AD3d 92, 94-95 [2014]), it is readily apparent that "the total sum raised by local taxation" means the total amount of tax revenues earmarked or allocated by a municipality for the support of a central library. Notably, the statute does not distinguish between library systems that levy their own taxes and those that rely exclusively upon municipal tax support, nor is the phrase "local taxation" limited in any fashion. Hence, contrary to petitioners' assertion, the statute absolutely encompasses the

very situation presented here — namely, where a municipality levies taxes and thereafter appropriates a portion of such revenues "for the support" of the central library.[4]

Although we have reached this conclusion without resort to the legislative history underlying Education Law § 272 (1) (j) (2), we cannot help but note that the construction of the statute advanced by petitioners would both lead to an anomalous result and undermine the very purpose of the statute in the first instance. In this regard, a review of the affidavit tendered by the State Librarian and Assistant Commissioner for Libraries for the Department, as well as the materials annexed thereto, makes clear that the overarching purpose of the maintenance-of-effort requirement is "to ensure [that] the recipient [of state aid] maintains fiscal integrity and overall programmatic efficacy." Stated another way, "[t]he imposition of such a condition ensures [s]tate dollars are used to supplement the recipient's normal activities and not to supplant (replace) such activities." Indeed, the record reflects that the maintenance-of-effort requirement was instituted in response to "a concern that towns, villages, cities and counties might misinterpret the [s]tate's action to mean that local funds were no longer necessary." For that reason, "language was written into the law to discourage reductions in local public income." Petitioners' reading of the statute, whereby the maintenance-of-effort provision triggers a

_____

[4] Further support for this construction may be found in Education Law § 272 (1) (j) (former [3]), which authorizes the Commissioner to waive the maintenance-of-effort requirement if he or she determines that application of that provision "would result in excessive hardship for the public library system or central library brought about by an extraordinary change in a local sponsor's economic condition, loss by a local sponsor of state aid to local governments . . . or by a natural disaster." A "local sponsor," in turn, is defined as "any municipality, district or school district, as defined in the general municipal law, or any combination thereof" (Education Law § 272 [1] [j] [4]). As such, it again is apparent that the statute encompasses a public library system or central library that obtains local sponsorship from municipal tax levies.

reduction in state aid only when there is a decrease in a municipality's total tax revenues — notwithstanding any change in such municipality's allocation of support to a central library or library system — is entirely inconsistent with the statutory goal of ensuring that municipalities maintain their own local share of responsibility for such services.  Further, as respondents point out, adopting petitioners' interpretation of Education Law § 272 (1) (j) (2) would permit state aid to continue to flow — unchecked — to support MVPL while simultaneously allowing the City to reduce appropriations for library services.  To our reading, this is a result that the statute simply does not envision.

Finally, although Supreme Court found that petitioners failed to demonstrate their entitlement to a waiver of the maintenance-of-effort requirement under Education Law § 272 (1) (j) (former [3]), petitioners did not brief this issue on appeal and, therefore, we deem any argument on this point to be abandoned (see Matter of Gonzalez v DiNapoli, 133 AD3d 1078, 1078 n [2015]).  Petitioners' remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Garry, J.P., Lynch, Clark and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court