*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 1, 2016                    522894
_____

In the Matter of MARK F.
    MALLICK,
                          Appellant,

        v
                                        MEMORANDUM AND ORDER
NEW YORK STATE DIVISION OF
    HOMELAND SECURITY AND
    EMERGENCY SERVICES et al.,
                          Respondents.
_____

Calendar Date:  October 13, 2016

Before:  Garry, J.P., Egan Jr., Rose, Devine and Mulvey, JJ.

_____

        Allen & Desnoyers LLP, Albany (George J. Hoffman of
counsel), for appellant.

        Eric T. Schneiderman, Attorney General, Albany (Jonathan D.
Hitsous of counsel), for respondents.

_____

Mulvey, J.

        Appeal from a judgment of the Supreme Court (McGrath, J.),
entered June 5, 2015 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of respondent Division of
Homeland Security and Emergency Services denying petitioner's
request for approval of activities outside his employment.

Petitioner has been an employee of respondent Office of Fire Prevention and Control (hereinafter OFPC) since 1984.[1] Since 1984, for six weeks each year, petitioner has engaged in activities outside his employment by privately conducting fire safety inspections of grade schools. These inspections are required for the schools to obtain their occupancy permit. Pursuant to an ethics policy of respondent Division of Homeland Security and Emergency Services (hereinafter DHSES), issued in December 2012, petitioner was required to request approval for his outside activity. Petitioner submitted a request to his direct supervisor, who verified that there were "no schedule conflicts." OFPC's ethics officer later denied petitioner's request on the ground that petitioner's outside activity is substantially similar to OFPC's inspection responsibilities pursuant to Education Law § 807-b and Executive Law § 156-e, and because "[t]he potential for an actual or apparent conflict [of interest], pursuant to Public Officers Law §§ 73 and 74, exists."[2] On administrative appeal to DHSES, petitioner's request was again denied based on the ground that Public Officers Law §§ 73 and 74 "prohibit [s]tate employees from engaging in outside activities that have a conflict of interest, or even the appearance of a conflict of interest, with respect to their public duties." The denial determined that since Executive Law § 156 (13) authorizes OFPC to conduct fire safety inspections of state-regulated facilities, upon request of the appropriate state agency (here, the Department of Education), OFPC could be called upon "to conduct fire inspections" of schools that petitioner had inspected in his outside activity and this "could be in direct conflict with OFPC's . . . statutory duties and authorities." Petitioner commenced this CPLR article 78 proceeding to set aside

---

[1]  In 2010, OFPC, which had previously been a division of the Department of State, was transferred into the newly formed respondent Division of Homeland Security and Emergency Services.

[2]  Respondents' initial denial, based on the premise that petitioner's outside activity is substantially similar to OFPC inspection responsibilities pursuant to Education Law § 807-b and Executive Law § 156-e, is clearly erroneous as these statutes relate exclusively to public or independent colleges.

the determination of DHSES. Supreme Court dismissed his petition, and he now appeals, arguing that, because OFPC has no statutory authority to conduct fire safety inspections of grade schools, no conflict could arise between his outside activity and his official duties with OFPC, and that the denial of his request for approval of the requested outside activity was therefore arbitrary and capricious.

School authorities are required to ensure that grade school buildings undergo yearly fire safety inspections, and Education Law § 807-a lists five categories of authorized parties who may be engaged to conduct these inspections (see Education Law § 807-a [1], [3]). OFPC is not included in those five categories. "School authorities," as used in this section, refers to the governing body "in general charge of the operation of any such school" (Education Law § 807-a [9]). The Commissioner of Education is not specifically named in the definition. Education Law § 807-a (6) states that "[t]he [C]ommissioner may inspect or cause to be inspected . . . the school buildings required to be inspected by this section." Executive Law § 156 (13) provides that OFPC may, "[u]pon request of the appropriate state agency, provide for the fire safety inspection of state or state-regulated facilities with the cooperation and assistance of local fire inspection personnel."[3] Supreme Court found that "Education Law § 807-a and Executive Law § 156 (13) are not in conflict as they separately address the abilities and duties of 'school authorities' and the Commissioner" and "[s]ince the Commissioner's choice of inspectors is not limited by Education Law [§] 807-a, . . . the Commissioner . . . is enabled by Executive Law [§] 156 (13) to request OFPC to conduct such an inspection." Supreme Court then deferred to respondents' conclusion that petitioner's outside employment could be subject to OFPC review, if requested by the Commissioner, and that petitioner's outside activity is substantially the same as his employment duties with OFPC. We agree and affirm.

_____

[3] We note that Bryant Stevens, the State Fire Administrator who manages OFPC, admitted that, even though OFPC has offered its services to the Commissioner, OFPC has never conducted inspections for grade schools.

"[T]he standard of review for this proceeding, which challenges a determination that was not made after a quasi-judicial hearing, is whether [DHSES's] determination was arbitrary and capricious" (Matter of CDE Elec., Inc. v Rivera, 124 AD3d 1178, 1180 [2015]; see CPLR 7803 [3]). "'An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts'" (Matter of CDE Elec., Inc. v Rivera, 124 AD3d at 1180, quoting Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]). "When a determination is supported by a rational basis, it must be sustained even if the reviewing court would have reached a different result" (Matter of CDE Elec., Inc. v Rivera, 124 AD3d at 1180).

The record shows that petitioner is the Deputy Chief of OFPC's western district, one of only 10 deputy chiefs in the entire state, and he is in charge of a group of fire inspectors. Determining whether petitioner's outside activity creates a conflict of interest, or an appearance of a conflict of interest, is the kind of determination that requires "knowledge and understanding of underlying operational practices" such that respondents' determination should be given deference (Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459 [1980]; accord Matter of Westchester Lib. Sys. v King, 141 AD3d 172, 175 [2016]). Contrary to petitioner's contention, Education Law § 807-a (6) does not require the Commissioner to cause an inspection by the methods in Education Law § 807-a (3), and the Commissioner is free of the limitations placed on "school authorities" by Education Law § 807-a (3). Since the Commissioner is free of these limitations when choosing an inspector, the Commissioner may request OFPC to inspect school buildings. Accordingly, if OFPC is called upon by the Commissioner to inspect a school previously inspected by petitioner, as part of his outside employment, petitioner might be put in a position where he was called upon to review his own work, a classic conflict of interest (see Reichel v Suffolk County Water Auth., 283 AD2d 475, 476 [2001]). Further, not only would petitioner and his entire team have to recuse themselves, but, according to the determination of petitioner's administrative appeal, "it would necessitate that OFPC make extraordinary and unreasonable accommodations to avoid actual and perceived conflicts of interest resulting from the operational overlaps" (see Matter of

Speers v New York State Ethics Commn., 209 AD2d 919, 921 [1994], lv denied 85 NY2d 805 [1995]; see also Public Officers Law §§ 73, 74).

Even though, as petitioner argues, OFPC lacks statutory authorization to inspect grade schools (absent a request by the Commissioner), the appearance of a conflict of interest cannot be disengaged if OFPC is called on by the Commissioner to inspect a school previously inspected by petitioner, as part of his outside employment, and his "offer to recuse himself is insufficient to guard against, much less remove, the appearance of a conflict of interest" (Matter of Speers v New York State Ethics Commn., 209 AD2d at 921).  Accordingly, respondents had a rational basis to conclude that a conflict of interest, or an apparent conflict of interest, could exist.  As DHSES's determination had a rational basis, it cannot be said that its decision was arbitrary and capricious (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]).  Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Garry, J.P., Egan Jr., Rose and Devine, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court