Egan Jr., J.
 

 Appeal from a judgment of the Supreme Court (Hard, J.), entered April 28, 2016 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, among other things, granted respondents’ motion for summary judgment dismissing the petition/complaint.
 

 Petitioners Gregory Kulzer and Ronald Brown have been employed as Dairy Product Specialists by respondent Department of Agriculture and Markets (hereinafter the Department) since the early 1980s. As part of their duties, Kulzer and Brown are tasked with, among other things, inspecting and rating milk plants and farms in accordance with state and federal law. In March 2013, Kulzer submitted a request for approval of outside activities to the Department, seeking approval to campaign for the elected position of Lewis County Legislator. Kulzer’s request was approved by the Department, subject to certain restrictions, and he thereafter successfully campaigned for and was sworn in as a Lewis County Legislator in January 2014. One year later, upon expiration of the Department’s initial approval, Kulzer submitted a renewed request to the Department seeking continued approval to serve as a Lewis County Legislator. In August 2014, the Department disapproved Kulzer’s request. Kulzer thereafter appealed the Department’s determination to respondent Commissioner of Agriculture and Markets and, in September 2014, the Commissioner upheld the disapproval on the ground that, among other things, Kulzer’s outside activities created the appearance of a conflict of interest (see Public Officers Law § 74 [2]).
 
 [1]
 

 Four months later, Brown submitted a request for approval of outside activities to the Department, seeking similar approval to campaign for and serve as an Oneida County Legislator. Brown’s request was also disapproved by the Department on the ground that this outside activity would create the appearance of a conflict of interest and, upon appeal, the Commissioner upheld the disapproval. Thereafter, the Department revised its Employee Policies Handbook with respect to employees’ outside activities to reflect that “[a]ny employee that holds a position that requires him or her to conduct inspections of regulated parties may not campaign for or hold elected office (e.g. County Legislator).”
 

 Petitioners thereafter commenced this combined CPLR article 78 proceeding and action for declaratory judgment challenging the Department’s disapproval of the requests by Kulzer and Brown to campaign for and serve as county legislators, arguing, among other things, that the Department’s determinations and subsequent amendment of its outside-activities policy violated the First Amendment and were otherwise arbitrary, capricious and without lawful authority. Following joinder of issue, respondents moved for summary judgment with respect to the constitutional claims and for dismissal of the CPLR article 78 petition. Supreme Court granted respondents’ motion and dismissed the petition/complaint. Petitioners now appeal.
 

 Petitioners contend that Supreme Court erred when it granted respondents’ motion for summary judgment determining that the Department’s disapproval of Kulzer’s and Brown’s requests to campaign and hold elected office and the revision of its outside activities policy did not violate the First Amendment.
 
 [2]
 
 As relevant here, it is well settled that public employees do not “relinquish the First Amendment rights [that] they would otherwise enjoy as citizens” as a result of their public employment (Pickering v Board of Ed. of Township High School Dist. 205, Will Cty., 391 US 563, 568 [1968]). Notwithstanding, upon entering government service, public employees do accept certain restraints or limitations on their free speech rights (see id.; Melzer v Board of Educ. of City School Dist. of City of N.Y., 336 F3d 185, 192 [2003], cert denied 540 US 1183 [2004]; see also Matter of Santer v Board of Educ. of E. Meadow Union Free Sch. Dist., 23 NY3d 251, 262 [2014]), for it is recognized that “ ‘the [s]tate has interests as an employer in regulating the speech of its employees that differ significantly from those it possesses in connection with regulation of the speech of the citizenry in general’ ” (Melzer v Board of Educ. of City School Dist. of City of N.Y., 336 F3d at 192, quoting Pickering v Board of Ed. of Township High School Dist. 205, Will Cty., 391 US at 568). When called upon to determine the validity of any such restraint, the court must “balance between the interests of the [employee], as a citizen, in commenting upon matters of public concern and the interest of the [s]tate, as an employer, in promoting the efficiency of the public services it performs through its employees” (Pickering v Board of Ed. of Township High School Dist. 205, Will Cty., 391 US at 568; accord Lynch v Ackley, 811 F3d 569, 577 [2016]).
 

 Here, the parties do not dispute that declaring one’s intent to campaign for elected political office constitutes speech on a matter of public concern (see Castine v Zurlo, 756 F3d 171, 175-176 [2014]). The primary issue, therefore, is whether Supreme Court erred when it determined that the Department’s interest in reducing potential unethical behavior and preserving the professionalism and integrity of the Department outweighed the interest of Kulzer and Brown to serve dual roles as both government inspectors and candidates for elected office. In applying this balancing test, courts have made clear that such a balance will tip in the employer’s favor so long as “ ‘(1) the employer’s prediction of the disruption that such speech will cause is reasonable; (2) the potential for disruption outweighs the value of the speech; and (3) the employer took the adverse employment action not in retaliation for the employee’s speech, but because of the potential for disruption’ ” (Anemone v Metropolitan Transp. Auth., 629 F3d 97, 115 [2011], quoting Johnson v Ganim, 342 F3d 105, 114 [2003]; accord Castine v Zurlo, 756 F3d at 175).
 

 Upon balancing the relevant interests, we conclude that Supreme Court properly determined that the Pickering balance tips in respondents’ favor and, therefore, the Department’s disapprovals and revised outside activities policy were not unconstitutional. The supporting affirmation of Chris Cuddeback, the Department’s Deputy Ethics Officer, establishes that Kulzer’s and Brown’s requests for approval to campaign for and hold elected office were disapproved based upon, among other things, the fact that their official duties as Dairy Product Specialists would be “too intertwined” with their duties as county legislators so as to create the appearance of a conflict of interest. In affirming the Department’s disapprovals, the Commissioner specifically cited the appearance of a conflict of interest that such dual office holding would create, indicating that the exercise of an inspector’s discretion brought with it the potential to significantly benefit and/or harm various regulated entities both within and without the county in which they are seeking elected office such that the public could reasonably perceive that such an employee might use his or her government position to obtain financial support for his or her political activities or, conversely, bestow favorable treatment on such entities in the performance of his or her official duties, in violation of the public trust (see Public Officers Law § 74 [3] [i]). We agree.
 

 Allowing employees with such significant discretionary authority to maintain a dual role as a county legislator has the potential to disrupt the Department’s operation by casting doubt on the fairness and propriety of the Department’s inspections and creates an appearance of a conflict of interest that serves to undermine the Department’s professionalism and integrity (see Castine v Zurlo, 756 F3d at 175; Piscottano v Murphy, 511 F3d 247, 271 [2007]). The Department’s interest in this regard outweighs any individual employee’s interest in campaigning for elected office. We find it significant that neither the Department’s disapprovals nor its revised policy actually directly prohibit any individual employee from running for elected office; instead, these employees are given a choice— they can maintain their position within the Department or campaign for elected office, but not both. These employees, however, remain free to engage in other meaningful types of political speech (i.e., voting, attending political fundraisers, protesting, picketing or writing letters to the editor). The Department’s revision of its outside activities policy, meanwhile, addresses the Department’s concerns with an evenhanded, narrowly tailored approach. The policy addresses potential disruptions and/or appearances of a conflict of interest by limiting its prohibition against running for elected office to those 26 Department employees who hold positions that require them to conduct inspections of these regulated entities. Accordingly, we find that the Department established its prima facie entitlement to summary judgment by establishing as a matter of law that the Department’s disapprovals and revised outside activities policy did not violate the First Amendment right of Kulzer, Brown or similarly situated employees.
 

 In opposition, petitioners failed to raise a triable issue of fact. We find unpersuasive petitioners’ contention that Supreme Court impermissibly considered hearsay statements and allegations contained with Cuddeback’s affirmation (see CPLR 3212 [b]). Notably, in rendering its determination, Supreme Court expressly indicated that it did not rely solely on Cud-deback’s affirmation. In any event, there was sufficient other evidence in the record demonstrating that the Department’s interests in avoiding the appearance of a conflict of interest justified the restraint on protected speech caused by its disap-provals and subsequent policy revision.
 

 In light of our holding, to the extent that petitioners sought a declaratory judgment regarding the constitutionality of the Department’s revised outside activities policy, we agree with respondents that Supreme Court erred by dismissing the petition without rendering such a declaration, as required (see CPLR 3001; Stonegate Family Holdings, Inc. v Revolutionary Trails, Inc., Boy Scouts of Am., 73 AD3d 1257, 1262 [2010], lv denied 15 NY3d 715 [2010]). Accordingly, inasmuch as the evidence establishes that the Department’s revised outside activities policy does not violate the First Amendment rights of its employees, we declare that same has not been shown to be unconstitutional (see generally Pickering v Board of Ed. of Township High School Dist. 205, Will Cty., 391 US at 568; United States v Treasury Employees, 513 US 454, 465-466 [1995]).
 

 Turning to the CPLR article 78 claims, we likewise find that the Department did not act arbitrarily or capriciously when it revised its outside activities policy nor when it disapproved Kulver’s and Brown’s requests to campaign for and hold elected office. In reviewing the Department’s determinations — which were made absent hearings — our review “is limited to whether the determination[s] [were] arbitrary and capricious, lacked a rational basis or [were] affected by an error of law” (Matter of Kittle v D’Amico, 141 AD3d 991, 992 [2016] [internal quotation marks and citations omitted], lv denied 28 NY3d 911 [2017]; see CPLR 7803 [3]; Matter of Ward v City of Long Beach, 20 NY3d 1042, 1043 [2013]). “An action is arbitrary and capricious when it is taken without [a] sound basis in reason or regard to the facts” (Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]; accord Matter of Mallick v New York State Div. of Homeland Sec. & Emergency Servs., 145 AD3d 1172, 1174 [2016]). Notably, so long as the Department’s determinations have “a rational basis, [they] will be sustained, even if a different result would not be unreasonable” (Matter of Fuller v New York State Dept. of Health, 127 AD3d 1447, 1448 [2015] [internal quotation marks and citations omitted]).
 

 Here, as we previously indicated, the Department had a rational basis to conclude that the potential for a conflict of interest could arise if Kulzer and Brown were permitted to maintain dual roles as Dairy Product Specialists while concomitantly serving as county legislators. Accordingly, since the Department’s determinations had a rational basis, it cannot be said that its disapproval determinations were arbitrary and capricious (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]; Matter of Mallick v New York State Div. of Homeland Sec. & Emergency Servs., 145 AD3d at 1174-1175; Matter of Speers v New York State Ethics Commn., 209 AD2d 919, 920-921 [1994], lv denied 85 NY2d 805 [1995]). Moreover, we find petitioners’ claim that the Department’s determinations were arbitrary because they departed from its own prior precedent to be unavailing. In reversing its prior approval of Kulzer’s outside activities request — and subsequently denying Brown’s — the Department adequately explained its reasons for the disapprovals in sufficiently detailed and reasoned determinations (see Matter of Association of Secretaries to Justices of Supreme & Surrogate’s Cts. in City of N.Y. v Office of Ct. Admin. of State of N.Y., 75 NY2d 460, 471-472 [1990]; Matter of O’Brien v Albany County Sheriff's Dept., 126 AD3d 1064, 1065 [2015], lv denied 25 NY3d 909 [2015]).
 

 Petitioners’ remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
 

 Garry, J.P., Lynch, Aarons and Pritzker, JJ., concur.
 

 Ordered that the judgment is modified, on the law, without costs, by declaring that the outside activities policy of respondent Department of Agriculture and Markets has not been shown to be unconstitutional, and, as so modified, affirmed.
 

 [1]
 

 . Upon disapproval of Kulzer’s request to continue serving as Lewis County Legislator, the Department informed Kulzer that, absent his resignation from the County Legislature, he would be subject to disciplinary action. Kulzer did not resign from his position in the County Legislature and, as a result, in May 2015, the Department initiated disciplinary proceedings against him. It appears that said disciplinary proceedings have been held in abeyance pending the outcome of the instant appeal.
 

 [2]
 

 . On appeal, inasmuch as petitioners limited their constitutional contentions to their First Amendment rights under the US Constitution, we deem their state constitutional claims to be abandoned (see Catholic Charities of Diocese of Albany v Serio, 28 AD3d 115, 131 n 7 [2006], affd 7 NY3d 510 [2006], cert denied 552 US 816 [2007]).