Matter of Academy v New York State Educ. Dept. (2019 NY Slip Op 01465)





Matter of Academy v New York State Educ. Dept.


2019 NY Slip Op 01465


Decided on February 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 28, 2019

526412

[*1]In the Matter of CARMEL ACADEMY, Appellant,
v
NEW YORK STATE EDUCATION DEPARTMENT et al., Respondents.

Calendar Date: January 8, 2019

Before: Lynch, J.P., Mulvey, Devine, Aarons and Pritzker, JJ.


Jeffrey Geier, New York City, for appellant.
Letitia James, Attorney General, New York City (Zainab A. Chaudhry of counsel), for respondents.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a judgment of the Supreme Court (Zwack, J.), entered May 30, 2017 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Education Department denying the issuance of a Basic Educational Data System code.
Petitioner is a nonprofit private school chartered by the Board of Regents of the University of the State of New York and with a corporate mailing address in New York City, but with a physical campus in Greenwich, Connecticut. Petitioner applied to respondent Education Department (hereinafter the Department) for a Basic Educational Data System (hereinafter BEDS) code based on petitioner's understanding that this code would allow it to apply for state reimbursement of certain expenses. The Department, interpreting the relevant statute to mean that eligibility for reimbursement is based on physical location within the state, denied petitioner a BEDS code. Petitioner commenced this CPLR article 78 proceeding challenging the Department's determination and seeking an order compelling it to issue the code. Following joinder of issue, Supreme Court dismissed the petition, holding that the Department rationally interpreted the statutory language and, therefore, petitioner was not entitled to a BEDS code. Petitioner appeals.
Because the Department rationally determined that petitioner was not eligible for a BEDS code, we affirm. "[S]tatutes are to be construed according to the ordinary meaning of their words . . . and where the language of a statute is clear and unambiguous, courts must give effect to its plain meaning" (Matter of American Food & Vending Corp. v New York State Tax Appeals Trib., 144 AD3d 1227, 1228 [2016] [internal quotation marks and citations omitted]). "Interpretation given a statute by the agency charged with its enforcement is, as a general matter, given great weight and judicial deference, so long as the interpretation is neither irrational, unreasonable nor inconsistent with the governing statute" (Matter of Trump-Equitable Fifth Ave. [*2]Co. v Gliedman, 62 NY2d 539, 545 [1984] [citation omitted]). "Ultimately, however, legal interpretation is the court's responsibility" (Matter of Moran Towing & Transp. Co. v New York State Tax Commn., 72 NY2d 166, 173 [1988]); where "the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency and its interpret[ation is] therefore to be accorded much less weight" (Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459 [1980]; accord Matter of Westchester Lib. Sys. v King, 141 AD3d 172, 175 [2016]; see Matter of Michael A. Goldstein No. 1 Trust v Tax Appeals Trib. of the State of N.Y., 101 AD3d 1496, 1497 [2012], lv denied 21 NY3d 860 [2013]).
Chapter 507 of the Laws of 1974 (as amended) establishes that qualifying schools shall receive reimbursement for certain services, such as testing, attendance record keeping and immunizations, as required under the state's compulsory education statute (see Education Law §§ 3204, 3602-c; 8 NYCRR 3.36, 176.1, 176.2). The statute defines "[q]ualifying school" as "a nonprofit school in the state, other than a public school, which provides instruction in accordance with" Education Law § 3204 (L 1974, ch 507, as amended). As part of its legislative findings, the statute asserts that "the state has the duty and authority to evaluate, through a system of uniform state testing and reporting procedures, the quality and effectiveness of instruction to assure that those who are attending instruction, as required by law, are being adequately educated within their individual capabilities" (L 1974, ch 507, as amended). The Department acknowledges that it uses BEDS codes to allow nonpublic schools to submit information to the state for verification and to apply for reimbursement pursuant to this statute and its implementing regulations.
The issue in this case distills to whether the statutory phrase "in the state" means that the school must have facilities physically located in New York, or if the phrase includes schools that have only a corporate presence by means of being chartered by the Board of Regents and a corporate mailing address in this state. The phrase is ambiguous because those words could be interpreted in either of these ways. Regardless of whether the Department is entitled to any deference, we agree with its interpretation of the statute.
Petitioner argues that because some provisions of the Education Law mention a school building or facility (see e.g. Education Law §§ 402 [1], [2]; 807-a [1], [5] [d]; 4407), the reference to a "school" in chapter 507 of the Laws of 1974 (as amended) must be intended to refer to the school as a corporate entity rather than a physical one. Although this argument initially seems appealing, it cannot prevail because other provisions of the Education Law use the word "school" in contexts that could refer to a physical building or location (see e.g. Education Law §§ 912; 3204 [1]). Further, Education Law § 4407 demonstrates that the Legislature knows how to be explicit when it intends to allow reimbursement for educational services provided beyond the borders of the state. The most logical and reasonable interpretation of chapter 507 is that a nonpublic school must be physically located in New York to qualify for the statutory reimbursements. As petitioner concedes that it applied for a BEDS code to allow it to apply for reimbursement, the Department rationally decided that petitioner was ineligible for a BEDS code.
Finally, petitioner argues that the Department's determination was arbitrary and capricious because it is inconsistent with the Board of Regents' action in granting a charter stating that petitioner is located in New York. It is unclear why the provisional charters and the absolute charter granted to petitioner by the Board of Regents state that petitioner is located in New York, even though some of the provisional charters state that petitioner is authorized to operate educational programs in Connecticut. In any event, the granting of a charter is for purposes of incorporation and recognizes an entity's ability to operate or transact business in New York (see Education Law §§ 216, 216-a). A charter does not automatically entitle an educational corporation to reimbursement from Department funds, and petitioner admits that the lack of a charter does not necessarily render a school ineligible for reimbursement (see 8 NYCRR 176.3). The absolute charter granted by the Board of Regents established the location of petitioner as an educational corporation for corporate purposes, but did not make any determination regarding the physical location of the school to be operated by that corporation (see Kidd v 22-11 Realty, LLC, 142 AD3d 488, 489 [2016] [county designated in certificate of incorporation is domestic [*3]corporation's residence for venue purposes, regardless of maintenance of a facility elsewhere]). Thus, the charters do not necessarily reflect a determination that is inconsistent with the Department's determination that petitioner is not a "school in the state" (L 1974, ch 507). Inasmuch as the Department's determination is not arbitrary or capricious, we will not disturb it.
Lynch, J.P., Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.