Matter of Meyer v Zucker (2020 NY Slip Op 03967)





Matter of Meyer v Zucker


2020 NY Slip Op 03967


Decided on July 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 16, 2020

530158

[*1]In the Matter of Jill S. Meyer, Appellant,
v
Howard A. Zucker, as Commissioner of Health, Respondent.

Calendar Date: June 8, 2020

Before: Egan Jr., J.P., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.


Wolin & Wolin, Jericho (Alan E. Wolin of counsel), for appellant.
Letitia James, Attorney General, Albany (Kathleen M. Treasure of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Cholakis, J.), entered May 22, 2019 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.
Petitioner, a licensed psychiatrist, forwarded a letter to the Office of Professional Medical Conduct (hereinafter OPMC) alleging that certain medical institutions and their leadership maliciously prevented her from obtaining employment as a psychiatrist and requested OPMC to investigate her allegations. OPMC denied her request to investigate on the basis that petitioner's allegations were not medical misconduct as defined in Education Law § 6530. Petitioner commenced this CPLR article 78 proceeding seeking to invalidate the determination denying her request to investigate and sought to compel OPMC to investigate her alleged claims.
Respondent moved to dismiss the petition on the basis that, among other things, petitioner lacked standing to challenge OPMC's determination and that the petition failed to state facts necessary to support the issuance of a mandamus to compel. Supreme Court granted respondent's motion to dismiss, finding that petitioner's allegations essentially claimed that various individuals and entities improperly colluded to prevent her from being hired or retained as a psychiatrist. As these types of claims "do not fall within the ambit of [Education Law § 6530]," OPMC was not under a legal duty to investigate, and that their refusal to do so was not arbitrary and capricious. Petitioner appeals.
Under CPLR 7803 (1), a petitioner may challenge an administrative body's failure to perform a duty "enjoined upon it by law." This claim is in the nature of a writ of mandamus to compel, which "is an extraordinary remedy that lies only to compel the performance of acts which are ministerial and mandatory, not discretionary, and only when there is a clear right to the relief sought" (Matter of Ethington v County of Schoharie, 173 AD3d 1504, 1505 [2019] [internal quotation marks, brackets and citations omitted]; see Matter of Green v Annucci, 153 AD3d 1099, 1100 [2017], lv denied 31 NY3d 903 [2018]). Additionally, a petitioner may challenge an administrative determination on the basis that it is "arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of CDE Elec., Inc. v Rivera, 124 AD3d 1178, 1180 [2015] [internal quotation marks and citations omitted]; see Matter of Mallick v New York State Div. of Homeland Sec. & Emergency Servs., 145 AD3d 1172, 1174 [2016]). Petitioner seeks a review of OPMC's determination asserting that it has a mandatory duty to investigate and that, by refusing to do so, OPMC acted in an arbitrary and capricious manner.
Supreme Court properly dismissed the petition. Public Health Law § 230 (1) grants OPMC authority to determine "matters of professional misconduct as defined in [Education Law §§ 6530 and 6531]." Education Law § 6530 sets forth an enumerated list of professional misconduct applicable to physicians, physician's assistants and specialist's assistants. Any licensee found guilty of such misconduct shall be subject to penalties. Education Law § 6531 provides additional definitions of professional misconduct in limited application. Public Health Law § 230 (10) (a) sets forth that the Board of Professional Medical Conduct, by the director of professional medical conduct, may investigate any suspected professional misconduct. It may do so on its own, or, upon receipt of a complaint.
Petitioner requested an investigation by OPMC into the alleged unethical employment practices by certain medical professionals for engaging in conduct that prohibits her from obtaining gainful employment as a psychiatrist. However, the purpose of the statute is not to protect a physician or psychiatrist, instead its purpose is to protect the patient. This is evidenced in the enumeration of professional misconduct — in Education Law § 6530 — which focuses on the fraud, negligence and incompetence by a physician, the impairment of the physician and the impact on the general welfare of the patient. As the basis for wanting OPMC to investigate, petitioner cites the definition of professional misconduct found in Education Law § 6530 (16) — "[a] willful or grossly negligent failure to comply with substantial provisions of federal, state, or local laws, rules or regulations governing the practice of medicine." However, she fails to specify the section of law or how the medical institutions or its leadership failed to comply with it.
The Public Health Law does not mandate OPMC to investigate non-medical misconduct. Petitioner focuses on the phrase "shall investigate," found in Public Health Law § 230 (10) (a) (1) (A), to impose upon OMPC a general duty to investigate all claims. However, this language allows OPMC to undertake an investigation on its own or upon receipt of a complaint regardless of who the source of the complaint is — a patient, a hospital, an insurance institution or another physician. As such, Supreme Court properly found that there is no duty enjoined upon OPMC by law to investigate petitioner's non-medical misconduct claim and, as such, a writ of mandamus to compel does not lie (see Matter of Ethington v County of Schoharie, 173 AD3d at 1504; Matter of Green v Annucci, 153 AD3d at 1100). Finally, OPMC's determination not to investigate petitioner's claims "for not being medical misconduct defined in Education Law § 6530" had a rational basis and, therefore, it was not arbitrary and capricious (see Matter of Mallick v New York State Div. of Homeland Sec. & Emergency Servs., 145 AD3d at 1175).
Egan Jr., J.P., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.