Matter of Whitfield v City of New York (2021 NY Slip Op 06466)





Matter of Whitfield v City of New York


2021 NY Slip Op 06466


Decided on November 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 18, 2021

Before: Kapnick, J.P., Webber, Oing, Moulton, Rodriguez, JJ. 


Index No. 101407/19 Appeal No. 14654&M-2752 Case No. 2020-04033 

[*1]In the Matter of John D. Whitfield, Petitioner-Appellant,
v
City of New York Administration for Children's Services, Respondent-Respondent.


John D. Whitfield, appellant pro se.
Georgia M. Pestana, Corporation Counsel, New York (D. Alan Rosinus Jr. of counsel), for respondent.



Judgment, Supreme Court, New York County (John J. Kelley, J.) entered August 27, 2020, denying the petition, inter alia, to annul the determination of respondent, made on or about January 30, 2019, which declined to hire petitioner as a youth development specialist, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Respondent's determination not to hire petitioner as a youth development specialist (YDS) was not arbitrary and capricious or affected by an error of law (see CPLR 7803[3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230-231 [1974]).
Respondent gave two reasons for the determination. First, while petitioner had extensive experience counseling youth in group settings, ACS found that he had lacked experience counseling youth one-on-one in a residential setting. This distinction, and respondent's finding that petitioner lacked one-on-one experience, are rationally based in the record. The article 78 court providently exercised its discretion in directing respondent to furnish additional proof of the one-on-one counseling experience of successful applicants for YDS positions. Second, in an essay published in 2003, petitioner expressed views of the fundamental unfairness of the criminal justice system. While such opinions might help petitioner to empathize and bond with youth charged to his care, it was not irrational for the respondent to conclude that petitioner's opinions might demonstrate a cynicism that would impede his ability to counsel at-risk youth who were enmeshed in the system. It was also rational for respondent to believe that petitioner continued to hold those views, particularly since petitioner submitted the essay in support of his application.
Also unavailing is petitioner's argument that, to the extent respondent declined to hire him on account of the views he expressed in the 2003 essay, it violated his free speech rights under the First Amendment. It was rational for respondent to be concerned about the potential disruptiveness of petitioner's speech (see Johnson v Ganim, 342 F3d 105, 114 [2d Cir 2003]; see e.g. Matter of Spence v New York State Dept. of Agric. & Mkts., 154 AD3d 1234, 1236 [3d Dept 2017], affd 32 NY3d 991 [2018]).To the extent there was some concern about the likelihood that petitioner's work with children would be affected by his views, the concern was rationally based in the essay's content and context. The record supports respondent's assertion that it declined to hire petitioner because of its concern for the potential impact of his speech on his work, and not in retaliation for the content of that speech.
Nor is there any basis for finding that respondent declined to hire petitioner because of his criminal conviction (see Correction Law § 752; Executive Law § 296[15]). To the contrary, the record shows that respondent viewed rehabilitated persons [*2]with criminal convictions — such as petitioner — as "Credible Messengers" for at-risk youth, and frequently hired such persons, including one person with a manslaughter conviction, as YDSs. M-2752 In the Matter of John D. Whitfield v City of New York Administration for Children's Services
Motion for sanctions denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2021