In the Matter of MARIO MARTINEZ, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [811 NYS2d 815]——

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with violating the prison disciplinary rules which prohibit smuggling, lying and violating the Family Reunion Program rules after he attempted to bring an unauthorized pair of cargo-type sweatpants back into the correctional facility following a family reunion program visit with his wife and then lied to the correction officer about where he obtained the sweatpants. At the conclusion of the ensuing disciplinary hearing, petitioner was found guilty of all three charges and a penalty of 180 days in keeplock was imposed. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding.

Contrary to petitioner's contention, the misbehavior report and testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Foster v Coughlin, 76 NY2d 964, 966 [1990]; Matter of Johnson v Selsky, 2 AD3d 958 [2003]). The correction officer who wrote the misbehavior report testified that, because of a distinctive mark on the label, he remembered seeing the sweatpants during a search of the suitcase brought by petitioner's wife. Petitioner's denial that he received the sweatpants during the visit with his wife created a credibility issue for the Hearing Officer to determine (see Matter of Tumminia v Senkowski, 290 AD2d 902, 903 [2002]). Furthermore, we find no merit in petitioner's contention that the hearing officer was biased or that the determination flowed from any alleged bias (see Matter of Steward v Goord, 24 AD3d 1075 [2005]). Inasmuch as petitioner already served the penalty and there was no recommended loss of good time, any challenge to the severity of the sentence is moot (see Matter of Thomas v Selsky, 23 AD3d 868 [2005]; Matter of Co-

*rona v New York State Dept. of Correctional Servs.*, 2 AD3d 1118 [2003]). Petitioner's remaining contentions have been reviewed and found to be without merit.

Cardona, P.J., Crew III, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.