■ In the Matter of LARRY DAVIS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [824 NYS2d 460]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with violating the prison disciplinary rules that prohibit violating a direct order, interfering with an employee and interfering with movement. The charges stemmed from an incident in which petitioner allegedly refused to comply with the request of a correction officer escort that petitioner not proceed ahead of him while walking down a corridor. After a tier III disciplinary hearing, petitioner was found guilty of the charges. Following an unsuccessful administrative appeal, petitioner commenced the instant proceeding to challenge that determination.

Contrary to petitioner's contention, the misbehavior report and the hearing testimony of the correction officer who authored it provide substantial evidence to support the determination of guilt (*see Matter of Cunningham v Selsky*, 29 AD3d 1254, 1255 [2006]; *Matter of Martinez v Goord*, 28 AD3d 839 [2006]). Petitioner's claim that the misbehavior report was written in retaliation for a complaint that he made against the reporting correction officer created an issue of credibility for the Hearing Officer to resolve (*see Matter of Williams v Goord*, 31 AD3d 1086, 1087 [2006]; *Matter of Larkins v Goord*, 27 AD3d 810 [2006]).

Petitioner's claim that he was improperly denied the right to call certain witnesses is without merit. The record reveals that the proffered testimony was either irrelevant to the issue of petitioner's guilt or redundant to prior testimony (*see Matter of Seymour v Goord*, 24 AD3d 831, 832 [2005], *lv denied* 6 NY3d 711 [2006]; *Matter of Burgos-Morales v Goord*, 22 AD3d 999, 1000 [2005]). Although the Hearing Officer provided petitioner with numerous opportunities to call additional witnesses, petitioner did not request the testimony of the other witnesses at issue. Thus, it cannot be said that he was denied the right to call those witnesses (*see Matter of Davis v Goord*, 21 AD3d 606, 608 [2005]). Finally, contrary to petitioner's contention, the record establishes that the hearing was timely commenced and completed, with extensions appropriately sought and granted (*see* 7 NYCRR 251-5.1; *Matter of Crosby v Selsky*, 26 AD3d 571 [2006]).

Petitioner's remaining contentions, including his allegations of ineffective employee assistance and hearing officer bias, have been reviewed and determined to be without merit.

Mercure, J.P., Spain, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.