In the Matter of RICKY BUTLER, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [853 NYS2d 709]—

During a search of petitioner's prison cell, a correction officer discovered a broken razor with a missing blade, which blade had been removed and hidden inside some paperwork. As a consequence, petitioner was charged in a misbehavior report with altering state property, possessing an altered item and destroying state property. At the conclusion of a tier III disciplinary hearing, petitioner was found guilty of all three charges. That determination was affirmed upon administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding.

We confirm. The misbehavior report, together with the testimony of the correction officer who performed the cell search and authored the report, provide substantial evidence to support the determination of guilt (*see Matter of Davis v Goord*, 34 AD3d 1027, 1027 [2006]). Petitioner's exculpatory statements,

including his claim that he accidentally broke the razor by stepping on it, presented a credibility issue for resolution by the Hearing Officer (*see Matter of Vigliotti v Selsky*, 45 AD3d 946, 946-947 [2007]). Regarding deficiencies in the hearing transcript, they are not so significant as to preclude meaningful review by this Court (*see Matter of Lewis v Goord*, 43 AD3d 1223, 1224 [2007]). Finally, petitioner's contention that the Hearing Officer failed to assess his mental health status is unpreserved for our review given petitioner's failure to raise it at the disciplinary hearing (*see Matter of Spirles v Goord*, 308 AD2d 610, 611 [2003]).

Cardona, P.J., Carpinello, Rose, Lahtinen and Malone Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.