■ In the Matter of Joseph Wigfall, Petitioner, v Glenn S. Goord, as Commissioner of Correctional Services, Respondent. [861 NYS2d 528]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing, petitioner was found guilty of refusing a direct order, making threats, harassing facility staff and creating a disturbance. Upon administrative appeal, that determination was affirmed with a modified penalty of 90 days in the special housing unit and a corresponding loss of privileges, along with 60 days of recommended loss of good time. This CPLR article 78 proceeding seeking annulment ensued.

We confirm. Substantial evidence consisting of the misbehavior report and testimony adduced at the hearing support the determination of guilt (*see Matter of Rodriguez v Selsky*, 50 AD3d 1337, 1337 [2008]). Any conflicts that could be construed in the hearing testimony presented credibility issues for resolution by the Hearing Officer (*see Matter of Chaney v Selsky*, 37 AD3d 983, 984 [2007]), as did petitioner's assertion that the misbehavior report was fabricated in an effort to harass him (*see Matter of Williams v Selsky*, 50 AD3d 1426, 1427 [2008]). The lapses in the hearing transcript were "not so significant as to preclude

meaningful review by this Court" (*Matter of Butler v Selsky*, 49 AD3d 1122, 1123 [2008]). As for petitioner's remaining contentions, including his claim that he was denied documentary evidence, we have examined them and find no reason to disturb the determination.

Mercure, J.P., Carpinello, Kane, Kavanagh and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.