■ In the Matter of ANTONIO PEDRAZA, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [886 NYS2d 237]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

During a search of petitioner's cell, correction officers found a makeshift weapon consisting of two can lids melted into a toothbrush handle, as well as four pills, identified by a facility nurse as a prescription drug. As a result, petitioner was charged in a misbehavior report with possessing a weapon and possessing unauthorized medication. After the search and while being escorted to the special housing unit, petitioner engaged in a struggle with correction officers during which he pushed one officer into a fence and shouted profanities at the officers in the presence of about 50 other inmates. He was, in turn, charged in a second misbehavior report with assaulting staff, interfering with an employee, creating a disturbance and engaging in violent conduct. A tier III disciplinary hearing was subsequently conducted on the charges contained in both misbehavior reports. At the conclusion of the hearing, he was found guilty of all of the charges. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding.

We confirm. Initially, inasmuch as petitioner pleaded guilty to the charges of creating a disturbance and engaging in violent conduct, he is precluded from challenging the evidence supporting these charges (*see Matter of Purcell v McKoy*, 54 AD3d 1113, 1114 [2008]; *Matter of Wilson v Dubray*, 54 AD3d 1089, 1090 [2008]). As for the remaining charges, the misbehavior reports, documentary evidence and testimony adduced at the hearing provide substantial evidence supporting the determination of guilt (*see Matter of Peana v Fischer*, 54 AD3d 1126, 1126-1127 [2008]; *Matter of Wilson v Dubray*, 54 AD3d at 1090). While petitioner maintained that he was "set up" by correction officers, and many of his inmate witnesses denied observing any altercation, such testimony presented a credibility issue for the Hearing Officer to resolve (*see Matter of Hale v Selsky*, 57 AD3d 1136, 1137 [2008], *appeal dismissed* 12 NY3d 776 [2009]). Furthermore, we find no impropriety in the Hearing Officer's removal of petitioner from the hearing inasmuch as this was done after the disposition was rendered and was necessitated by petitioner's disruptive and belligerent conduct (*see Matter of Applewhite v Goord*, 49 AD3d 1046, 1047 [2008]). Lastly, by failing to raise it at the hearing, petitioner has not preserved his claim that the Hearing Officer improperly failed to consider his mental health status (*see Matter of Butler v Selsky*, 49 AD3d 1122, 1123 [2008]).

Cardona, P.J., Spain, Lahtinen, Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.