Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.
*725 While two correction officers were searching petitioner’s cell, one of them observed packaging tape around the toilet and, upon further inspection, noticed that toilet paper was stuffed between the toilet and the wall which was covered with toothpaste and paint. The officer removed the paper and, with the assistance of the other officer, recovered an eight-inch plexiglass shank from a hole in the wall next to the toilet. The officers also found what appeared to be gang-related material in petitioner’s cell. Petitioner was subsequently charged in a misbehavior report with possessing a weapon and possessing gang-related material. Following a tier III disciplinary hearing, he was found guilty only of the charge of possessing a weapon. The determination was later affirmed on administrative appeal and this CPLR article 78 proceeding ensued.
Contrary to petitioner’s claim, inasmuch as the petition does raise an issue of substantial evidence, the proceeding was properly transferred to this Court for review (see Matter of Abreu v Bezio, 71 AD3d 1341, 1341 [2010]; Matter of Hamilton v Selsky, 13 AD3d 844, 845 [2004], lv denied 5 NY3d 704 [2005]; see also CPLR 7804 [g]). Turning to the merits, the misbehavior report, related documentation and testimony adduced at the hearing provide substantial evidence supporting the determination finding petitioner guilty of possessing a weapon (see Matter of Pedraza v Fischer, 65 AD3d 1434, 1435 [2009]; Matter of Dexter v Goord, 43 AD3d 516, 517 [2007]). Although petitioner denied that the weapon was his and asserted that the misbehavior report was fabricated, this presented a credibility issue for the Hearing Officer to resolve (see Matter of McLean v Fischer, 63 AD3d 1468, 1469 [2009]). Furthermore, the record does not substantiate petitioner’s assertion that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Thompson v Votraw, 65 AD3d 1403, 1405 [2009]; Matter of Warren v Fischer, 63 AD3d 1466, 1467 [2009]). Petitioner’s remaining contentions have not been preserved for our review.
Cardona, P.J., Spain, Malone Jr., McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.