██ In the Matter of MICHAEL JONES, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [922 NYS2d 879]—

Appeal from a judgment of the Supreme Court (McDonough, J.), entered March 11, 2010 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner and several other inmates were being escorted to their cells when a correction officer informed petitioner that he was assigned to a double bunk cell, specifically cell "17-2T." Petitioner protested that he could not be placed on the top bunk of a double bunk cell because he had a back injury. The officer directed petitioner to step into the cell until he secured the other inmates at which time he would address petitioner's complaint. Petitioner refused the officer's directives and, as a result, was charged in a misbehavior report with refusing a direct order, interfering with an employee and failing to follow facility movement regulations. He was found guilty of the charges at the conclusion of a tier III disciplinary hearing and the determination was affirmed on administrative appeal. Petitioner subsequently commenced this CPLR article 78

proceeding, which was eventually dismissed by Supreme Court, resulting in this appeal.*

Initially, we note that petitioner has abandoned the procedural claims raised in his petition by not raising them in his brief on appeal (*see Matter of Bonez v Commissioner of Prison Sys. of State of N.Y., Dept. of Corrections*, 65 AD3d 1411 [2009]). Turning to the merits, petitioner argues that he cannot be found guilty of the charges because he was physically incapable of complying with the correction officer's directives. We find this argument to be unpersuasive. The physician who was familiar with petitioner's physical limitations testified that petitioner could be assigned to a double bunk cell provided he slept on the bottom bunk. During the incident in question, the correction officer gave petitioner directives to step into cell 17-2, but did not specifically tell him to climb into the top bunk at that time. In fact, the officer was going to consider petitioner's complaint after he secured the other inmates. Petitioner, however, did not give the officer an opportunity to do so and, hence, disregarded the officer's order without justification. Accordingly, we find that the determination of guilt is supported by substantial evidence in the record (*see Matter of Wigfall v Goord*, 53 AD3d 943, 943 [2008]; *Matter of Martin v Goord*, 46 AD3d 1294, 1295 [2007]).

Mercure, J.P., Spain, Rose, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Inasmuch as the petition raises an issue of substantial evidence, the proceeding should have been transferred to this Court in the first instance (*see Matter of Darvie v Fischer*, 72 AD3d 1306 n [2010]).