■ In the Matter of JUSTO RICHARDS, Appellant, v ANDREW CUOMO, as Attorney General of the State of New York, Respondent. [930 NYS2d 500]—

---

Lahtinen, J.

Petitioner, an inmate, was previously convicted of, among other things, robbery in the first degree (*People v Richards*, 118 AD2d 604 [1986], *lv denied* 67 NY2d 1056 [1986]) pursuant to a statutory provision he claims is unconstitutional. As relevant herein, petitioner attempted to commence this CPLR article 78 proceeding seeking a writ of prohibition solely against respondent, the Attorney General, so as to, among other things, bar the "unconstitutional policy and custom of applying the scope, sweep and range of the . . . statute." Supreme Court declined to issue an order to show cause and dismissed the proceeding sua sponte, finding the verified petition to be deficient on its face. Petitioner's appeal from the court's judgment was originally filed in the Court of Appeals before being transferred to this Court.

We affirm. It is well settled that the extraordinary remedy of prohibition is only available where a "body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction" (CPLR 7803 [2]) and there is a clear legal right to such relief (*see Matter of Law Offs. of Andrew F. Capoccia v Spitzer*, 270 AD2d 643, 645 [2000], *lv denied* 95 NY2d 755 [2000]). While "[p]rohibition may . . . be available against the Attorney-General when exercising or threatening to exercise an ultra vires prosecutorial function" (*Matter of Haggerty v Himelein*, 89 NY2d 431, 435 [1997]), it is clear from the verified petition that petitioner is making no claims of such a nature. Instead, he faults respondent's office for refusing to "enjoin the invalidity" of an allegedly unconstitutional statute and "expunge[ ]" his conviction. Under these circumstances, Supreme Court properly dismissed the petition (*see Matter of Pettus v New York State Dept. of Correctional Servs.*, 77 AD3d 996 [2010]; *Matter of Escalera v State of New York*, 67 AD3d 1137, 1137-1138 [2009]).

Spain, J.P., Rose, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.