■ In the Matter of LEON R. KOZIOL, Individually and as Parent of CHILD A. and CHILD B., and on Behalf of Parents and Children Similarly Situated, Petitioner, v MARTHA WALSH HOOD, as Justice of the Supreme Court, et al., Respondents. [940 NYS2d 174]—

Rose, J.

Petitioner and respondent Kelly Hawse-Koziol are the divorced parents of two children (born in 2002 and 2003). Petitioner is also an attorney whose license to practice law is currently suspended for, among other things, his willful violation of an order of support (*Matter of Koziol*, 70 AD3d 1516 [2010], *lv dismissed* 16 NY3d 853 [2011], *cert denied sub nom. Koziol v Grievance Comm. of Fifth Jud. Dist. of N.Y.*, 565 US —, 132 S Ct 455 [2011]; *see also Matter of Koziol*, 76 AD3d 1136 [2010], *lv dismissed* 15 NY3d 943 [2010], *lv denied* 16 NY3d 853 [2011], *cert denied sub nom. Koziol v Grievance Comm. of Fifth Jud. Dist. of N.Y.*, 565 US —, 132 S Ct 455 [2011]). When petitioner's various actions and proceedings concerning his child

support and custody obligations were not resolved to his satisfaction (*see Matter of Koziol v Walsh-Hood*, 72 AD3d 1634 [2010], *appeal dismissed* 15 NY3d 838 [2010]; *Koziol v Koziol*, 60 AD3d 1433 [2009], *appeal dismissed* 13 NY3d 763 [2009]; *Koziol v Koziol*, 60 AD3d 1435 [2009], *appeal dismissed* 13 NY3d 764 [2009]; *Koziol v Koziol*, 60 AD3d 1435 [2009], *appeal dismissed* 13 NY3d 764 [2009]; *Koziol v Koziol*, 60 AD3d 1435 [2009], *appeal dismissed* 13 NY3d 764 [2009]; *see also Parent v New York*, 786 F Supp 2d 516 [ND NY 2011]), he commenced this proceeding pursuant to CPLR article 78 in the nature of mandamus and prohibition.

Petitioner has failed to demonstrate a clear legal right to the relief sought or the absence of an adequate remedy at law so as to justify his various requests in the nature of mandamus (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]). These include his demands that he be awarded custody of his children, his law license be reinstated, his filing fees and litigation costs be reimbursed, respondent Unified Court System of the State of New York be directed to study, evaluate and "desegregate the parenting population" and respondent William Koslosky be removed as the assigned attorney for the children. Nor is he entitled to a writ of prohibition enjoining enforcement of child support and custody orders. A writ of prohibition "is only available where a 'body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction' and there is a clear legal right to such relief" (*Matter of Richards v Cuomo*, 88 AD3d 1043, 1044 [2011], *appeal dismissed* 18 NY3d 830 [2011], quoting CPLR 7803 [2]; *see Matter of Hoffler v Jacon*, 72 AD3d 1183, 1184 [2010], *appeal dismissed* 15 NY3d 768 [2010]). While petitioner raises a litany of arguments about the soundness of New York's child support and custody laws, he has not demonstrated a clear right to relief or that any judge involved in his underlying litigation exceeded or is about to exceed his or her jurisdiction.

We also decline to exercise our discretion to convert a portion of this proceeding to a declaratory judgment action, given the absence of "compelling evidence in the record . . . of an impairment of fundamental rights, a violation of State law or a violation of public policy" (*Matter of Essenberg v Kresky*, 265 AD2d 664, 667 [1999]). Petitioner's remaining contentions have been considered and found to be unavailing.

*Mercure*, A.P.J., *Malone Jr.* and *McCarthy*, JJ., concur. Adjudged that the petition is dismissed, without costs.