■ In the Matter of SHAWN GREEN, Appellant, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents. [61 NYS3d 375]—

Egan Jr., J. Appeal from a judgment of the Supreme Court (McDonough, J.), entered July 28, 2015 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, among other things, compel the Department of Corrections and Community Supervision to take disciplinary action against two employees and respondent Acting Commissioner of Health to take action against certain medical personnel.

Upon being escorted into an emergency room for the purpose of having his foot examined, petitioner became verbally combative and orally refused to comply with several direct orders to remove his right boot and sock to facilitate the examination. Following this incident, petitioner was charged in a misbehavior report with refusing a direct order and physically or verbally obstructing or interfering with an employee. A tier III disciplinary hearing ensued, and petitioner was found guilty of refusing a direct order and not guilty of interfering with an employee. Following the conclusion of his disciplinary hearing, petitioner sent respondent Commissioner of Corrections and Community Supervision what he characterized as "a petition pursuant to Civil Service Law § 75"—alleging that the author of the misbehavior report and the Hearing Officer had engaged in misconduct at the hearing and were biased and requesting that disciplinary action be taken against them. In addition to filing four grievances regarding allegedly improper medical care that he had received, which ultimately were denied by the Central Office Review Committee (hereinafter CORC), petitioner also submitted four complaints to the Office of Professional Medical Conduct (hereinafter OPMC). OPMC responded by informing petitioner that it either had no jurisdiction over the named professionals in the complaints or that the professionals' actions did not constitute professional medical misconduct.

Petitioner's disciplinary determination was upheld upon

administrative review, prompting petitioner to commence this proceeding pursuant to CPLR article 78 in the nature of mandamus and prohibition seeking to, among other things, compel the Department of Corrections and Community Supervision (hereinafter DOCCS) to take disciplinary action against the Hearing Officer and author of the misbehavior report and compel OPMC to take action against medical personnel. Supreme Court dismissed the petition based upon, among other things, its determination that the extraordinary remedy of prohibition and/or mandamus to compel was not appropriate under these circumstances, and petitioner now appeals.*

We affirm. The extraordinary remedy of mandamus "is available to compel a governmental entity or officer to perform a ministerial duty, but does not lie to compel an act which involves an exercise of judgment or discretion" (*Matter of Dyno v Hillis*, 274 AD2d 908, 909 [2000] [internal quotation marks and citation omitted], *appeal dismissed* 95 NY2d 958 [2000], *lv denied* 96 NY2d 706 [2001]), and it is only available "when there is a clear legal right to the relief sought" (*Matter of Justice v Evans*, 117 AD3d 1365, 1366 [2014] [internal quotation marks and citations omitted]). While Civil Service Law § 75 affords certain rights to public employees charged with incompetence or misconduct, petitioner is not a public employee, and the cited statute does not afford him a right to require DOCCS to charge any of its employees with misconduct, as such decision lies solely within DOCCS's discretion and judgment. Similarly, petitioner has failed to demonstrate how he may compel OPMC to either investigate complaints concerning employees over whom it has no jurisdiction or to exercise its discretion to prosecute alleged professional medical misconduct (*see Matter of Izzo v New York State Dept. of Health*, 134 AD3d 1514, 1515 [2015]; *cf. Davis v New York State Dept. of Educ.*, 96 AD3d 1261, 1262-1263 [2012]). Accordingly, inasmuch as petitioner has not demonstrated a clear legal right to the relief sought and seeks to compel performance of discretionary acts, mandamus does not lie (*see New York Civ. Liberties Union v State of New York*, 4 NY3d 175, 184 [2005]; *Matter of Johnson v Corbitt*, 87 AD3d 1214, 1215 [2011], *lv denied* 18 NY3d 802 [2011]).

Turning to petitioner's request for a writ of prohibition, that

---

* To the extent that Supreme Court construed the petition as seeking review of the disciplinary determination and CORC's denial of petitioner's grievances and found such claims to be without merit, petitioner abandoned any challenge in this regard by failing to address such issues in his brief (*see Matter of Barnes v Prack*, 92 AD3d 990, 990 [2012]; *Matter of Jones v Fischer*, 84 AD3d 1604, 1605 [2011]).

writ "is only available where a body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction and there is a clear legal right to such relief" (*Matter of Koziol v Hood*, 92 AD3d 1161, 1162 [2012] [internal quotation marks and citations omitted], *appeal dismissed* 19 NY3d 886 [2012]; *see* CPLR 7803 [2]; *Matter of Soares v Herrick*, 20 NY3d 139, 145 [2012]; *Matter of Getman v Bernier*, 119 AD3d 1059, 1060 [2014]). Here, where the gravamen of the relief sought is that his complaints filed with DOCCS and OPMC be acted upon, petitioner has failed to demonstrate how any official in either DOCCS or OPMC is proceeding or is about to proceed without or in excess of his or her jurisdiction and how he has a clear legal right to the relief requested of those entities (*see Matter of Koziol v Hood*, 92 AD3d at 1162; *Matter of Raheem v New York State Bd. of Parole*, 66 AD3d 1270, 1272-1273 [2009], *lv denied* 14 NY3d 702 [2010]). All remaining contentions raised by petitioner that are properly before us have been considered and found to be without merit.

McCarthy, J.P., Lynch, Rose and Mulvey, JJ., concur. Ordered that the judgment is affirmed, without costs.