Matter of Carnright v Williams (2018 NY Slip Op 00206)





Matter of Carnright v Williams


2018 NY Slip Op 00206


Decided on January 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2018

524180

[*1]In the Matter of D. HOLLEY CARNRIGHT, as District Attorney of Ulster County, Petitioner,
v
DONALD WILLIAMS, as Ulster County Judge, Respondent, et al., Respondent.

Calendar Date: November 16, 2017

Before: McCarthy, J.P., Lynch, Devine, Mulvey and Aarons, JJ.


D. Holley Carnright, District Attorney, Kingston, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Frank Brady of counsel), for Donald Williams, respondent.


Aarons, J.

MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to, among other things, compel respondent Ulster County Judge to reinstate a superior court information against respondent Jessica Hernandez.
In February 2015, respondent Jessica Hernandez was arrested in the Town of Marlborough, Ulster County for driving while intoxicated with children in the vehicle and was subsequently charged with aggravated driving while intoxicated (see Vehicle
and Traffic Law § 1192 [2-a] [b]). Petitioner and Hernandez entered into a plea agreement whereby Hernandez would plead guilty as charged under a superior court information and enter into a period of interim probation. Upon Hernandez's completion of the interim probation, she could withdraw her felony plea and plead guilty to driving while intoxicated as a misdemeanor and be sentenced to, among other things, a period of conditional discharge. The plea agreement was placed on the record and, in December 2015, Hernandez pleaded guilty to aggravated driving while intoxicated.
In November 2016, petitioner moved to reduce the charge against Hernandez from a [*2]felony to a misdemeanor. Respondent Ulster County Judge (hereinafter respondent) granted the motion, and Hernandez pleaded guilty to the misdemeanor charge. Prior to sentencing, however, respondent advised petitioner that he was inclined to further reduce the charge against Hernandez from a misdemeanor to a violation. At the sentencing hearing, respondent noted that Hernandez, among other things, went "above and beyond the restrictions placed on her," volunteered her services as a domestic violence counselor and successfully completed a substance abuse treatment program. Respondent then, on his own motion and over petitioner's objection, reduced the misdemeanor charge of driving while intoxicated to driving while ability impaired as a violation. Hernandez was subsequently sentenced to a one-year period of conditional discharge, during which she was prohibited from operating a vehicle without an ignition interlock device, and she was ordered to pay a $300 fine, among other things. Petitioner thereafter commenced this CPLR article 78 proceeding in this Court seeking a writ of prohibition and a writ of mandamus.
Under CPL 220.10 (3), "the defendant may, with both the permission of the court and the consent of the people, enter a plea of guilty of a lesser included offense." "Where the record shows that the prosecutor's consent to a plea is premised on a negotiated sentence and a lesser sentence is later deemed more appropriate, the People should be given the opportunity to withdraw their consent" (People v Farrar, 52 NY2d 302, 307-308 [1981], mod 52 NY2d 302 [1981]). Respondent concedes in his brief that he committed a legal error in accepting Hernandez's plea to a reduced charge without petitioner's consent. The question therefore distills to whether a writ of prohibition or writ of mandamus is warranted given that Hernandez's guilty plea has already been accepted, she was already sentenced by respondent to, among other things, a one-year conditional discharge period and such period expired in November 2017.
"[T]he extraordinary remedy of prohibition is only available where a body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction and there is a clear legal right to such relief" (Matter of Richards v Cuomo, 88 AD3d 1043, 1044 [2011] [internal quotation marks and citation omitted], appeal dismissed 18 NY3d 830 [2011]; see Matter of Town of Brunswick v County of Rensselaer, 152 AD3d 1108, 1111 [2017]; Matter of Broome County Dist. Attorney's Off. v Meagher, 8 AD3d 732, 733 [2004], lv denied 3 NY3d 612 [2004]). Petitioner seeks a writ of prohibition to prohibit respondent from accepting guilty pleas to reduced charges in the future without his consent. Respondent, however, noted at the sentencing hearing that this was the first time that he had ever reduced a charge without petitioner's consent and that he did so "under the circumstances of [the] case." Given that the record does not indicate that respondent has undertaken such similar action in the past or has expressed an intention to do so in the future, and taking into account respondent's concession that his actions were erroneous, petitioner is not entitled to a writ of prohibition (compare Matter of People v Christensen, 77 AD3d 174, 195 [2010]). To the extent that petitioner seeks a writ to prohibit respondent from accepting Hernandez's plea of guilty, such request is moot given that respondent has already accepted the plea and imposed a sentence thereon and the sentence expired in November 2017 (see generally People v Cosme, 80 NY2d 790, 792 [1992]).
Petitioner is also not entitled to a writ of mandamus to compel respondent to vacate Hernandez's plea and reinstate the superior court information. As discussed, Hernandez's plea was accepted, a sentence was imposed and Hernandez had already started to serve the conditional discharge portion of the sentence. Under these circumstances, we do not have the inherent authority to upset the plea (see People v Moquin, 77 NY2d 449, 452-453 [1991]; Matter of Campbell v Pesce, 60 NY2d 165, 168-169 [1983]).
McCarthy, J.P., Lynch, Devine and Mulvey, JJ., concur.
ADJUDGED that the petition is dismissed, without costs.