Matter of Morales v Venettozzi (2020 NY Slip Op 05121)





Matter of Morales v Venettozzi


2020 NY Slip Op 05121


Decided on September 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 24, 2020

531000

[*1]In the Matter of Luis Morales, Petitioner,
v
Donald Venettozzi, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: September 4, 2020

Before: Garry, P.J., Lynch, Devine, Aarons and Colangelo, JJ.


Luis Morales, Romulus, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with engaging in lewd conduct, committing a sexual offense and violating facility visiting room procedures after a correction officer observed petitioner and his visitor engaging in an indecent act in the prison visiting room. He was found guilty of the charges following a tier III disciplinary hearing and the determination was later affirmed on administrative appeal. This CPLR article 78 proceeding ensued.[FN1]
We confirm. Petitioner's procedural challenges to the disciplinary determination are unavailing. The record discloses that valid extensions were obtained and the hearing was completed in a timely manner (see Matter of Anselmo v Annucci, 176 AD3d 1283, 1284 [2019]; Matter of Hyson v Annucci, 171 AD3d 1339, 1340 [2019]). The first extension was requested on the fourteenth day following the writing of the misbehavior report (see 7 NYCRR 251-5.1 [b]). Even accepting petitioner's claim that the extension request was untimely by a few hours, this did not render the extension invalid (see Matter of Porter v Goord, 6 AD3d 1013, 1014 [2004], lv denied 3 NY3d 602 [2004]). Moreover, petitioner was not improperly denied the right to call a lieutenant to testify as a character witness, as there is no indication in the record that she had personal knowledge of the incident (see Matter of Elias v Fischer, 118 AD3d 1193, 1194 [2014]; Matter of Fero v Prack, 110 AD3d 1128, 1128 [2013]). Contrary to petitioner's claim, the record reflects that petitioner was provided adequate employee assistance and was not prejudiced by any alleged deficiencies (see Matter of Ayuso v Venettozzi, 170 AD3d 1407, 1408 [2019]; Matter of Scott v Annucci, 164 AD3d 1553, 1554 [2018]). Furthermore, there is no indication that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Partak v Venettozzi, 175 AD3d 1633, 1635 [2019]; Matter of Ayuso v Venettozzi, 170 AD3d at 1408). We have considered petitioner's remaining contentions and find that they are either unpreserved for our review or are lacking in merit.
Garry, P.J., Lynch, Devine, Aarons and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: The proceeding was improperly transferred to this Court as petitioner did not raise the issue of substantial evidence in the verified petition. Nevertheless, in the interest of judicial economy, we retain jurisdiction and address the merits of petitioner's claims (see Matter of Mitchell v Rodriguez, 175 AD3d 787, 787 n [2019]; Matter of Bonds v Annucci, 166 AD3d 1250, 1250 n [2018]).