Matter of Daum v Sipple (2021 NY Slip Op 06137)





Matter of Daum v Sipple


2021 NY Slip Op 06137


Decided on November 10, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 10, 2021

533355
[*1]In the Matter of Terry Daum, Petitioner,
v
Gary Sipple, as Deputy Superintendent of Security at Sullivan Correctional Facility, Respondent.

Calendar Date:October 8, 2021

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Terry Daum, Fallsburg, petitioner pro se.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of the Superintendent of Sullivan Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with refusing a direct order, harassing an employee, interfering with an employee, making threats and creating a disturbance. According to the report, petitioner was outside his cell when he was observed displaying his middle finger at a female correction officer. The correction officer who observed petitioner's conduct ordered petitioner to lock in his cell. Petitioner became irate at that point, refusing to lock in and began verbally abusing the female correction officer. After he was again ordered to lock in, he went to the doorway of his cell but positioned himself so as to prevent the cell door from closing. Once petitioner was inside his cell, he continued yelling and verbally abusing the correction officer. Following a tier II hearing, petitioner was found not guilty of making threats but guilty of the remaining charges, and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and hearing testimony provide substantial evidence supporting the determination of guilt (see Matter of Dove v Annucci, 190 AD3d 1181, 1181-1182 [2021], lv denied 37 NY3d 909 [2021]; Matter of Steele v Annucci, 178 AD3d 1226, 1226-1227 [2019]). The contrary testimony of petitioner and his witnesses presented a credibility issue for the Hearing Officer to resolve (see Matter of Snyder v Annucci, 188 AD3d 1346, 1347 [2020]; Matter of Beltre v Rodriguez, 185 AD3d 1370, 1370 [2020]). Contrary to petitioner's contention, the testimony of the sergeant who supervised the correction officers involved was not inconsistent with the guilty determinations. The sergeant admittedly did not witness the incident and, although he testified that he spoke to the reporting officer a couple of hours after the incident and the officer did not inform him that petitioner had made any threats during the altercation, the Hearing Officer was entitled to resolve this credibility issue by finding petitioner not guilty of making threats but guilty of the remaining charges (see Matter of Johnson v Goord, 300 AD2d 785, 786 [2002]; Matter of Maya v Goord, 272 AD2d 724, 725 [2000], lv denied 96 NY2d 704 [2001]).
Egan Jr., J.P., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.