Matter of Mack v Annucci (2023 NY Slip Op 04246)

Matter of Mack v Annucci

2023 NY Slip Op 04246

Decided on August 10, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 10, 2023

CV-22-2160
[*1]In the Matter of Jerome Mack, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:June 23, 2023

Before:Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ.

Jerome Mack, Wallkill, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with refusing a direct order, making threats, creating a disturbance, harassing an employee and being out of place. According to the misbehavior report, the charges stem from petitioner's reaction after he was told twice by a correction officer to hang up the telephone because his 15 minutes had expired and to lock in his cell. Petitioner responded with profanities and told the correction officer that he would get off the telephone whenever he wanted. After eventually hanging up the telephone, petitioner demanded to see a sergeant. When the correction officer responded that the sergeant was busy and would come talk to petitioner if he had time, petitioner went into a tirade about how the rules do not apply to him and he does whatever he wants. Petitioner then verbally attacked the correction officer's character, again using obscene language, until he eventually walked back to his cell without further incident. Following a tier III prison disciplinary hearing, petitioner was found guilty of all charges and that determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
Initially, respondent concedes, and our review of the record confirms, that substantial evidence does not support the charges of making threats and creating a disturbance and, therefore, that portion of the determination must be annulled. As petitioner has served the penalty and no loss of good time was imposed, remittal for a redetermination of the penalty is unnecessary (see Matter of King v Annucci, 214 AD3d 1292, 1292 [3d Dept 2023]; Matter of Johnson v Annucci, 214 AD3d 1191, 1191 [3d Dept 2023]; Matter of Simmons v LaValley, 130 AD3d 1126, 1127 [3d Dept 2015]).
Turning to the remaining contentions, we are unpersuaded that the remaining charges must also be annulled. The misbehavior report and testimony at the hearing provide substantial evidence to support the determination of guilt as to the remaining charges (see Matter of Daum v Sipple, 199 AD3d 1156, 1156 [3d Dept 2021]; Matter of Crawford v Girdich, 301 AD2d 921, 921 [3d Dept 2003]). To the extent that petitioner denied the conduct charged and alleged that he was too sick to have such a verbal exchange with the correction officer, this created a credibility issue for the Hearing Officer to resolve (see Matter of Rizzuto v Melville, 210 AD3d 1152, 1154 [3d Dept 2022]; Matter of Headley v Annucci, 205 AD3d 1189, 1190 [3d Dept 2022]). Further, even if there were a misunderstanding about the time petitioner was permitted to use the telephone, he is required to promptly obey direct orders and not resort to self-help (see Matter of Anselmo v Annucci, 173 AD3d 1589, 1589 [3d Dept 2019]).
We are also unpersuaded [*2]that petitioner was improperly denied a prehearing employee assistant, as he was not confined as a result of the misbehavior report nor did he satisfy the other criteria set forth in 7 NYCRR 251-4.1 (a) entitling him to such assistance (see Matter of Gloss v Fischer, 65 AD3d 1430, 1431 [3d Dept 2009], lv denied 13 NY3d 714 [2009]). We further find no error in the Hearing Officer denying testimony from the nurse administrator as irrelevant since she was not present during the incident and there was no dispute that petitioner, who was quarantined for COVID-19, was symptomatic on the day of the incident (see Matter of Medina v Rodriguez, 155 AD3d 1200, 1201 [3d Dept 2017]; Matter of Hyatt v Annucci, 141 AD3d 977, 978-979 [3d Dept 2016]). We have reviewed petitioner's remaining contentions, including his claim of Hearing Officer bias, and find them to be without merit.
Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of making threats and creating a disturbance; petition granted to that extent and respondent is directed to expunge all references to these charges from petitioner's institutional record; and, as so modified, confirmed.