Matter of Brown v Annucci (2023 NY Slip Op 05638)

Matter of Brown v Annucci

2023 NY Slip Op 05638

Decided on November 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 9, 2023

535527
[*1]In the Matter of John E. Brown, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date:October 6, 2023

Before:Garry, P.J., Clark, Reynolds Fitzgerald, McShan and Powers, JJ.

John E. Brown, Elmira, petitioner pro se.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Acting Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with refusing a direct order, interfering with an employee, engaging in violent conduct, and assaulting staff. According to the report, petitioner, while being escorted to the special housing unit following a prior incident,[FN1] attempted to "horse kick" a correction officer in the right leg area. Following several direct orders and the use of force, petitioner became compliant. A tier III disciplinary hearing was held, after which petitioner was found guilty of the charges, and that determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, documentary evidence submitted for in camera review and the hearing testimony, including the testimony from the correction officer who was involved in the altercation, provide substantial evidence of petitioner's guilt (see Matter of Kennedy v Annucci, 185 AD3d 1371, 1371 [3d Dept 2020]; Matter of Espinal v Annucci, 175 AD3d 1696, 1696 [3d Dept 2019]; Matter of Canzater-Smith v Venettozzi, 150 AD3d 1518, 1518 [3d Dept 2017]). Petitioner's claims that the correction officers involved in the incident assaulted him and that the misbehavior report was fabricated presented credibility issues for the Hearing Officer to resolve (see e.g. Matter of Estrada v Annucci, 199 AD3d 1145, 1146 [3d Dept 2021]; Matter of Scott v Annucci, 164 AD3d 1553, 1553 [3d Dept 2018]). Contrary to petitioner's contention, our review confirms that there was nothing inconsistent in finding him guilty of charges in the misbehavior report at issue here while also finding him not guilty of charges contained in a different misbehavior report concerning an entirely separate incident (see Matter of Carbuccia v Venettozzi, 194 AD3d 1179, 1180 [3d Dept 2021]; Matter of Jackson v Goord, 8 AD3d 852, 853 [3d Dept 2004]).
Despite petitioner's contention that he was denied photographs of his injuries from the use of force report, "the record reflects that petitioner was provided with relevant documentation by his employee assistant or at the hearing, and the assistant cannot be faulted for failing to provide [photographs] that did not exist or that were irrelevant to the question of petitioner's guilt" (Matter of Boney v Venettozzi, 175 AD3d 1692, 1693 [3d Dept 2019] [internal quotation marks and citation omitted], lv denied 34 NY3d 910 [2020]).[FN2] Petitioner's remaining procedural contentions, to the extent that they are preserved for our review, have been examined and lack merit.
Garry, P.J., Clark, Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Petitioner was charged in a second misbehavior report with additional offenses stemming from a separate incident, but he was ultimately found not guilty of those charges.

Footnote 2: The Hearing Officer indicated on the record that the photographs could not be accessed because of issues retrieving them from the memory card. Petitioner received the other documents that he requested, including his injury report that indicated only a small abrasion to his upper back.