Matter of Simpson v Jordan (2025 NY Slip Op 01146)

Matter of Simpson v Jordan

2025 NY Slip Op 01146

Decided on February 27, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 27, 2025

CV-23-2421
[*1]In the Matter of Theodore Simpson, Petitioner,
v
LT. Wayne Jordan, as Hearing Officer at Sullivan Correctional Facility, et al., Respondents.

Calendar Date:January 9, 2025

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Lynch, JJ.

Theodore Simpson, Napanoch, petitioner pro se.
Letitia James, Attorney General, Albany (Rachel Raimondi of counsel), for respondents.

Garry, P.J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review three determinations of respondent Superintendent of Sullivan Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with violent conduct, creating a disturbance and refusing a direct order. According to the report, a correction officer informed petitioner, who had just returned from receiving off-site medical treatment, that he would be admitted to the infirmary until he was cleared to return to his cell by an on-site medical provider. After the correction officer secured petitioner in an infirmary dorm room, petitioner became agitated, began kicking the door and demanded to see the area supervisor. The correction officer repeatedly ordered petitioner to stop kicking the door, to no avail. Following a tier II disciplinary hearing, petitioner was found guilty of all charges and sanctioned with the temporary loss of certain privileges, including the use of a tablet and kiosk. That determination was upheld upon administrative appeal. In a subsequent misbehavior report, petitioner was charged with failing to comply with that hearing disposition by sending several emails utilizing a tablet. Another tier II disciplinary hearing followed, after which petitioner was found guilty and his initial penalty was extended. That determination was also upheld. Petitioner was charged in a third misbehavior report for similar conduct, and, after a hearing, he was again found guilty of failing to comply with a hearing disposition and his penalty was again extended. That determination was also upheld. This CPLR article 78 proceeding ensued.
Our review of the record confirms that the first determination is supported by substantial evidence. Petitioner's own testimony largely corroborated the other evidence at the hearing, and his attempt to justify his actions as responsive to an unauthorized order "presented credibility and mitigation issues for the Hearing Officer to resolve" (Matter of Dolan v Goord, 41 AD3d 1119, 1119 [3d Dept 2007]; see Matter of Pitts v Jordan, 230 AD3d 1457, 1458-1459 [3d Dept 2024]; Matter of Moorer v Annucci, 230 AD3d 1454, 1455 [3d Dept 2024]).[FN1] The Hearing Officer was entitled to rely on the allegations in the misbehavior report in support of his determination (see Matter of Cato v Martuscello, 232 AD3d 1191, 1192 [3d Dept 2024]; Matter of Peters v Annucci, 227 AD3d 1312, 1312 [3d Dept 2024]). Any claim that the subject discipline was retaliatory was not raised at the administrative hearings, and it is therefore unpreserved for our review (see Matter of Williams v Department of Corr. & Community Supervision, 155 AD3d 1207, 1208 [3d Dept 2017]; Matter of Bookman v Fischer, 107 AD3d 1260, 1260 [3d Dept 2013]).
We reject the argument that petitioner's rights were violated when he was refused an employee assistant as he did [*2]not satisfy any of the criteria set forth in 7 NYCRR 251-4.1 (a) and the record demonstrates that he understood and actively participated in the subject hearings (see 7 NYCRR 251-4.1 [b]; Matter of Mack v Annucci, 219 AD3d 1033, 1034 [3d Dept 2023], lv denied 40 NY3d 908 [2023]; Matter of Vansteenburg v State of N.Y. Dept. of Corr. & Community Supervision, 128 AD3d 1295, 1296 [3d Dept 2015]). To the extent it is preserved, petitioner's claim that he was denied access to material and relevant documentation is belied by the record, which indicates that the Hearing Officer offered him, and petitioner refused to accept, copies of the requested documentation.
Finally, as the duration of the loss of privileges at issue have expired, petitioner's various challenges to the penalties imposed, which did not entail any loss of good time, have been rendered moot (see Matter of Smith v Annucci, 232 AD3d 1014, 1015 [3d Dept 2024]; Matter of Battease v Superintendent of Riverview Corr. Facility, 229 AD3d 1031, 1032-1033 [3d Dept 2024]). Petitioner's remaining contentions, including his claim that the Hearing Officer exhibited bias, have been examined and are either unpreserved or without merit.
Egan Jr., Aarons, Pritzker and Lynch, JJ., concur.
ADJUDGED that the determinations are confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Even if petitioner believed that he was subjected to an unauthorized order in the infirmary, he was not free to disregard it; rather, "the proper means for an incarcerated individual to challenge the legality of an order by correction officials, or the application and interpretation of a regulation, is through the prison grievance procedure" (Matter of Pitts v Jordan, 230 AD3d at 1458 n [internal quotation marks, brackets and citation omitted]; see Correction Law § 139; 7 NYCRR part 701).