Matter of Robinson v Martuscello (2025 NY Slip Op 01418)

Matter of Robinson v Martuscello

2025 NY Slip Op 01418

Decided on March 13, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 13, 2025

CV-24-1369
[*1]In the Matter of Leonard Robinson, Petitioner,
v
Daniel F. Martuscello III, as Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:February 7, 2025

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Powers, JJ.

Leonard Robinson, Auburn, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with violating various prison disciplinary rules, including assaulting staff and violent conduct. According to that misbehavior report, when a correction officer who was conducting rounds stopped to answer a question posed by another incarcerated individual in his cell, petitioner "propelled a hot, unknown liquid" into the officer's face and eyes, causing that officer, who subsequently authored the misbehavior report, to leave the gallery. According to a second misbehavior report, when the response team arrived and ordered petitioner to back out of his cell to be placed in mechanical restraints, petitioner initially complied and then turned and punched the responding correction officer in the chest, requiring the use of force to restrain him. As a result, petitioner was charged in the second misbehavior report with assaulting staff, engaging in violent conduct, creating a disturbance and refusing a direct order. Following a tier III disciplinary hearing, petitioner was found guilty of all charges in both misbehavior reports, and a penalty was imposed. After part of the determination and the penalty were affirmed on administrative appeal,[FN1] petitioner commenced this CPLR article 78 proceeding.
Initially, although petitioner was found guilty of creating a disturbance as charged in the second misbehavior report, respondent concedes, and our review of the record confirms, that this charge is not supported by substantial evidence in the record and that part of the determination must be annulled (see Matter of Mack v Annucci, 219 AD3d 1033, 1033 [3d Dept 2023], lv denied 40 NY3d 908 [2023]; Matter of Jackson v Annucci, 209 AD3d 1086, 1088 [3d Dept 2022]). However, given that the penalty has been served and there was no loss of good time imposed, remittal of the matter for a redetermination of the penalty on the remaining charges is not required (see Matter of Mack v Annucci, 219 AD3d at 1033).
With regard to the remaining charges of which petitioner was ultimately found guilty on administrative appeal, the misbehavior reports and related documentation, including the unusual incident and use of force reports, together with the hearing testimony of the correction officers involved who also authored those reports, provide substantial evidence to support the determination of guilt (see Matter of Keitt v Annucci, 231 AD3d 1455, 1456 [3d Dept 2024]; Matter of Mills v Annucci, 225 AD3d 1050, 1051 [3d Dept 2024]). The evidence established that it was petitioner who threw an unknown liquid in the correction officer's face, and he later admitted during an interview that the liquid consisted of a mixture of bleach, oil, lotion and boiled water. The evidence further demonstrated that [*2]petitioner refused to comply with the orders of the response team and assaulted the responding officer. Petitioner's reliance on documents created after the hearing, which were not part of the administrative record, is unavailing, as "[a] court's review of administrative actions is limited to the record made before the agency" (Matter of Hammonds v New York State Educ. Dept., 206 AD3d 1334, 1334 [3d Dept 2022] [internal quotation marks and citations omitted]). Petitioner's unsupported and conflicting accounts of what lead up to and transpired during these incidents, his denial of wrongdoing and his allegation that the misbehavior reports had been fabricated, presented credibility issues for the Hearing Officer to resolve (see Matter of Keitt v Annucci, 231 AD3d at 1456; Matter of Brown v Annucci, 221 AD3d 1146, 1147 [3d Dept 2023], lv denied 42 NY3d 903 [2024]).
Petitioner's remaining contentions are without merit. We reject petitioner's contention that he was denied his right to present certain medical records in his defense because, during the hearing, he agreed with the Hearing Officer that such medical records were not relevant to the charges in the misbehavior reports and, therefore, waived any objection to their nonproduction (see Matter of Anselmo v Annucci, 173 AD3d 1589, 1589 [3d Dept 2019]). Contrary to petitioner's contention, the Hearing Officer had no obligation to investigate why other charges were not brought against him for an unrelated incident involving another incarcerated individual who had been referenced in the misbehavior reports subject to the hearing (see Matter of Rivera v Coughlin, 179 AD2d 949, 949 [3d Dept 1992]). Lastly, we are unpersuaded by petitioner's contention that the Hearing Officer's actions deprived him of a fair hearing, as our review of the record confirms that the hearing "was conducted in a fair and impartial manner and that the determination of guilt flowed from the evidence presented and not from any alleged bias on the part of the Hearing Officer" (Matter of Pierre v Annucci, 219 AD3d 990, 991-992 [3d Dept 2023]; see Matter of Keitt v Annucci, 231 AD3d at 1456). We have examined petitioner's remaining claims and have found them to be either unpreserved or without merit.
Clark, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Powers, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of creating a disturbance; petition granted to that extent and respondent is directed to expunge all references to that charge from petitioner's institutional record; and, as so modified, confirmed.

Footnotes

Footnote 1: Although petitioner was also found guilty after the hearing of creating a disturbance, possession of a weapon and interference with an employee as charged in the first misbehavior report, those charges were later dismissed on administrative appeal, and one penalty imposed on petitioner was reduced.