Matter of Williams v Martuscello (2025 NY Slip Op 03852)

Matter of Williams v Martuscello

2025 NY Slip Op 03852

Decided on June 26, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 26, 2025

CV-24-1173
[*1]In the Matter of Isiah Williams, Petitioner,
v
Daniel F. Martuscello III, as Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:May 23, 2025

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, Fisher and Mackey, JJ.

Isiah Williams, Albion, petitioner pro se.
Letitia James, Attorney General, Albany (Patrick A. Woods of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to compel respondent to expunge two determinations finding petitioner guilty of violating certain prison disciplinary rules.
On October 10, 2023, petitioner, an incarcerated individual, was charged in a misbehavior report with smuggling, alcohol/intoxicant distribution and alcohol/intoxicant use. Following a tier III disciplinary hearing, he was found guilty as charged and a 90-day loss of recreation, packages, commissary and property was imposed, along with a 30-day loss of tablet penalty. On December 22, 2023, that determination was modified by dismissing the charges of smuggling and alcohol/intoxicant distribution, with no reduction of the penalty, and otherwise affirmed.
On January 3, 2024, petitioner was charged in a misbehavior report with possession of contraband and failing to comply with a hearing disposition based upon the discovery of property in his cell in violation of the loss of property privileges penalty imposed based upon his October 2023 violation. That same day, petitioner was charged in a second misbehavior report with creating a disturbance and refusing a direct order. According to the report, petitioner began shouting after the property that was subject to the previous misbehavior report that day was confiscated, and he refused an order to stop shouting and continued to create a disturbance.
On January 10, 2024, petitioner commenced a CPLR article 78 proceeding seeking dismissal of the determination of guilt on the remaining charge of alcohol/intoxicant use from the October 2023 misbehavior report, and expungement of that determination from his institutional record. Respondent informed Supreme Court that the determination on that remaining charge from the October 2023 misbehavior report had been administratively reversed on January 17, 2024 and all references had been expunged from petitioner's institutional record. Accordingly, Supreme Court dismissed the petition as moot.
On January 16, 2024, tier II disciplinary hearings were conducted concerning the two misbehavior reports issued on January 3, 2024, at the conclusion of which petitioner was found guilty as charged in both reports and penalties were imposed. Petitioner thereafter commenced this CPLR article 78 proceeding in the nature of mandamus seeking to compel respondent to dismiss the guilty determinations and penalties assessed pursuant to the January 3, 2024 misbehavior reports based upon a lack of legal grounds to bring those charges.[FN1] According to petitioner, because the December 2023 modification on administrative appeal of the determination of guilt involving the October 2023 misbehavior report dismissed the tier III charges of smuggling and alcohol/intoxicant distribution, the penalties on the remaining charge of alcohol/intoxicant use, which is a tier I or tier II violation (see 7 NYCRR 270.2 [B] [14] [xxi]), should have been reduced. [*2]Petitioner contends that because the penalty should have been reduced and already served by January 3, 2024, he should not have been charged with violating the penalty in the first misbehavior report written that day or charged with creating a disturbance and refusing a direct order in the second misbehavior report that day for challenging the violation.
"The extraordinary remedy of mandamus is available to compel a governmental entity or officer to perform a ministerial duty, but does not lie to compel an act which involves an exercise of judgment or discretion, and it is only available when there is a clear legal right to the relief sought" (Matter of Green v Annucci, 153 AD3d 1099, 1100 [3d Dept 2017] [internal quotation marks and citations omitted], lv denied 31 NY3d 903 [2018]). Here, petitioner was advised that the December 2023 modification of the determination following the October 2023 misbehavior report and hearing resulted in "no change to [the] penalty." Even assuming, without deciding, that a modification of the penalties assessed was warranted, petitioner was not free to resort to self-help by disregarding the fact that the penalties remained in effect, nor could he create a disturbance and refuse a direct order based upon his belief that the penalties should have been reduced (see Matter of Mack v Annucci, 219 AD3d 1033, 1034 [3d Dept 2023], lv denied 40 NY3d 908 [2023]; Matter of Espinal v Annucci, 175 AD3d 1696, 1696 [3d Dept 2019]). Moreover, the fact that respondent subsequently dismissed the remaining charge from the October 2023 determination on January 17, 2024 does not excuse petitioner's violations on January 3, 2024. In light of the foregoing, petitioner has failed to demonstrate that he has a clear and legal right to the dismissal of the guilty determinations stemming from the January 3, 2024 misbehavior reports so as to entitle him to a writ of mandamus.
Clark, J.P., Lynch, Reynolds Fitzgerald, Fisher and Mackey, JJ., concur.
ADJUDGED that the determinations are confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Although this proceeding was improperly transferred to this Court inasmuch as the petition failed to raise a question of substantial evidence, we will retain jurisdiction and address the merits of petitioner's claim (see Matter of Morales v Venettozzi, 186 AD3d 1871, 1872 n [3d Dept 2020]).